State vs. Lockwood.

## STATE vs. LOCKWOOD.

CRIMINAL LAW.  *(1) Right of jury trial in criminal action cannot be waived.  (2) Validity of ch. 140 of 1872 (as to notes for patent rights), questioned.*

1. Upon a plea of "not guilty" to an information or indictment for crime, whether felony or misdemeanor, the right of the accused to a trial by jury *cannot be waived;* and a trial by the court alone will not support either a judgment or a report to this court (under the statute) of questions of law arising in the case.
2. Ch. 140 of 1872 requires every person taking a promissory note, or other written obligation, any part of the consideration of which is a patent right, etc., etc., to cause to be inserted in the body thereof the words, "given for a patent right," and punishes a violation of the act as a misdemeanor.  *It seems* that this court would be disposed to hold, if the question were properly before it, that the act is void, as an invasion of federal authority.

REPORTED from the Municipal Court of *Dane* County. The report of this cause, made by the judge of said court under the statute, states, in substance, that questions of law arose in respect to the proceedings therein, so important and so doubtful as in his opinion to require the decision of this court upon them; and that, " the defendant desiring that such questions of law be referred " to this court, he, the said judge, therefore submits the same, and certifies the cause, so far as such questions are involved.   It then states, in substance, that an information was filed in said court, April 18, 1877, against

State vs. Lockwood.

the defendant, charging him with taking, at etc., on the 8th of April, 1876, a promissory note payable to defendant or bearer, and executed and delivered to him by one Miles, in consideration of the right to sell, in Dane county, the right to use a certain improvement in "Hinged Hay and Stock Racks," secured by letters patent from the United States, without inserting, or causing to be inserted, in such note the words "given for a patent right" (ch. 140, Laws of 1872); that on the 1st of May, 1877, defendant was arraigned, his demurrer to the information as not stating any offense overruled, and a plea of "not guilty" entered by direction of the court, on defendant's refusal to plead; and that, defendant having in open court waived a trial by jury, the court proceeded to hear the testimony, and found the defendant guilty, the defendant objecting and excepting. The questions of law submitted are: 1. Whether the information states facts sufficient to constitute an offense. 2. Whether ch. 140, Laws of 1872, is valid.

A brief was filed by *Alex. Wilson*, Attorney General, for the state, and the cause was argued orally by *H. W. Chynoweth*, Assistant Attorney General. They contended that, upon an information or indictment, issues of fact must be tried by a jury, and such a trial could not be waived (Const. of Wis., art. I, sec. 7; Tay. Stats., ch. 179, § 1, p. 1939; Proffatt on Jury Trials, § 113, and cases there cited; 4 Minn., 109; 16 Mich., 9, 193; 18 N. Y., 128; 48 Cal., 257; 44 Ala., 293; *contra*, 41 Mo., 470; 12 Cush., 80); that this court has no jurisdiction until after a conviction upon such a trial *(State v. Parish*, 42 Wis., 625; *State v. Kneifle*, 12 id., 439); and that it does not appear that the defendant in this case consented that the case should be certified upon questions of law. Tay. Stats., ch. 180, § 8, p. 1946.

RYAN, C. J. No counsel appeared on the argument, for the accused. The case was presented for the state only.

The attorney general was mistaken in assuming that the de-

fendant's consent to the report of the learned judge of the municipal court did not appear. But his objection that the report does not show a legal trial of the accused, to warrant the report and to give jurisdiction to this court to consider it (State v. Parish, 42 Wis., 625), appears to be well taken.

A plea of not guilty to an information or indictment for crime, whether felony or misdemeanor, puts the accused upon the country, and can be tried by a jury only. The rule is universal as to felonies; not quite so as to misdemeanors. But the current of authority appears to apply it to both classes of crime; and this court holds that to be safer and better alike in principle and practice. The right of trial by jury, upon information or indictment for crime, is secured by the constitution, upon a principle of public policy, and cannot be waived. Cooley's Const. Lim., 319, 410, n.; Proffatt's Jury Tr., sec. 113; Neales v. State, 10 Mo., 498; State v. Mansfield, 41 id., 470; Commonwealth v. Shaw, 1 Pittsburgh, 492. In the latter case will be found a collection of authorities bearing on the question.

The trial of the information by his honor, the judge of the municipal court, was therefore a mistrial, which could not support a judgment or authorize the report of the questions of law to this court for determination. There has been no conviction within the meaning of the statute.

It is not improper, however, to say that if the validity of ch. 140 of 1872 were properly before it, this court would be very much disposed to follow the ruling of the supreme court of Michigan in Cranson v. Smith, 5 Cent. L. J., 386, and hold the statute to be an invasion of federal authority, and therefore void. See also Woolen v. Banker, 17 Alb. L. J., 72.

But as it is, the court is obliged to decline giving an authoritative answer to the questions reported.