IN RE STAFF: Habeas Corpus.

*April 28 — June 1, 1885.*

*(1) Constitutional law: Waiver of jury trial in criminal action. (2)* Habeas corpus: *Jurisdiction.*

1. A statute permitting the defendant in a criminal action to waive a trial by jury is not unconstitutional. *State v. Lockwood,* 43 Wis. 403, distinguished.
2. If, in pursuance of an unauthorized and ineffectual waiver of a jury trial, a person charged with a crime has been tried by the court and convicted, such conviction is void for lack of jurisdiction; and the validity of the conviction may be inquired into on *habeas corpus*

HABEAS CORPUS. The facts are stated in the opinion.

*C. M. Scanlan,* for the petitioner, to the point that the writ of *habeas corpus* would lie in this case, cited *In re Perry,* 30 Wis. 268; *In re Blair,* 4 id. 521; *In re Tarble,* 25 id. 397; *Ex parte Lange,* 18 Wall. 163; *Cropper v. Comm.* 2 Robt. (Va.), 842; *Miller v. Snyder,* 6 Ind. 1; *Perry v. State,* 41 Tex. 488; *Holman v. Austin,* 34 id. 668; *People v. Liscomb,* 60 N. Y. 559. To the point that the accused could not waive a jury trial, he cited *State v. Carman,* 63 Iowa, 130; *State v. Lockwood,* 43 Wis. 403; 1 Bishop on Cr. Proc. secs. 87, 236, 316, 1410.

For the respondent there was a brief signed by the *Attorney General* and *H. W. Chynoweth,* Assistant Attorney General, and the cause was argued orally by *Mr. Chynoweth:*

That part of sec. 7, art. I, Const., which gives the right to trial by jury is no more obligatory upon the accused or the state than the part giving him the right to meet the witnesses face to face; and it is settled that this latter right may be waived. *Williams v. State,* 61 Wis. 281; *State v. Polson,* 29 Iowa, 133; *Hurley v. State,* 29 Ark. 17; *State v. Bowen,* 4 McCord, 254; *Johnson v. State,* 27 Tex. 758;

*Miller v. State,* 25 Wis. 384; *Reynolds v. U. S.* 98 U. S. 145. If that section *enforced* a jury trial upon the accused, a plea of guilty could not stand, and secs. 4609, 4707, R. S., would be void. A statute taking away the right would, of course, be invalid, but not so a law which simply clothes the defendant with power to waive the right. *State v. Worden,* 46 Conn. 349; *Dailey v. State,* 4 Ohio St. 57; *Dillingham v. State,* 5 id. 280; *People v. Smith,* 9 Mich. 199; *Tabor v. Cook,* 15 id. 322, 324; *Ward v. People,* 30 id. 116; *Brown v. State,* 16 Ind. 496; *State v. Mead,* 4 Blackf. 309; *State v. Mansfield,* 41 Mo. 470; Cooley's Const. Lim. 392; *Connelly v. State,* 60 Ala. 89; 31 Am. Rep. 34; *Lord Dacres' Case,* Kelyng's Crown Cas. 89; Comp. Laws of Kansas, 1879, p. 755, sec. 197; Digest of Stat. Laws (Florida), 1872, p. 273, sec. 37; Wagoner's Mo. Stats. 1870, p. 1101, sec. 2; Voorhie's R. S. of La. 279, secs. 1077, 1078; *State v. Maine,* 27 Conn. 281; *Curtis v. Gill,* 34 id. 49; *State v. Tuller,* id. 295; *People v. Goodwin,* 5 Wend. 251; *State v. Conlin,* 27 Vt. 319. These cases go upon the theory that the law itself, under constitutions similar to ours, may create a tribunal in which the defendant may elect to be tried without the intervention of a jury. There are cases, too, which hold that by the consent of the defendant he can be legally convicted in a tribunal not known to the law. See *Comm. v. O'Brien,* 12 Cush. 84; *State v. Kaufman,* 51 Iowa, 578, where the defendant was convicted on the verdict of eleven jurors. These cases must go on the theory that he might waive a jury trial. See, also, *Sarah v. State,* 28 Ga. 576; *State v. Cox,* 8 Ark. 436; *State v. Borowsky,* 11 Nev. 119; *Murphy v. Comm.* 1 Met. (Ky.) 365; *Tyra v. Comm.* 2 id. 1; *State v. Vogel,* 22 Wis. 471; *State v. Quarrel,* 2 Bay (S. C.), 150; *Kingen v. State,* 46 Ind. 132; *Stewart v. State,* 15 Ohio St. 155. The case of *State v. Lockwood,* 43 Wis. 403, even if not tacitly overruled in *Raynor v. State,* 62 Wis. 289, does not govern this case, for that decision did

not go upon the theory that the legislature might not authorize the defendant to choose a tribunal other than a court and a jury of twelve by whose decision he must abide. The cases of *Cancemi v. People*, 18 N. Y. 128, and *Hill v. People*, 16 Mich. 351, are also distinguishable; and the ruling there was made in favor of life and would not be extended to cases less than capital ones. See, further, as to waiver in criminal cases, *Bonneville v. State*, 53 Wis. 680; 6 Crim. Law Mag. 182; *State v. Tall*, 56 Wis. 577; *State v. Haas*, 52 id. 407; *State v. Werner*, id. 414. If the constitution be mandatory, that part of it which prescribes that the jury shall be of the county wherein the offense was committed is equally so with that which requires the jury itself; and all the statutes authorizing a change of venue in criminal cases would be void. But the validity of such statutes is conceded. *Weyrich v. People*, 89 Ill. 90; Cooley's Const. Lim. 392; *Rowan v. State*, 30 Wis. 129; *State v. Mooney*, 10 Iowa, 507; *State v. Reud*, 49 id. 85; *Manly v. State*, 52 Ind. 215. Sec. 8, art. I, Const. prescribes, among other things, that "no person for the same offense shall be put twice in jeopardy of punishment." The language used is negative and prohibitory, and yet it cannot be doubted that the defendant may waive even this provision for his benefit. *Stewart v. State*, 15 Ohio St. 155; *Kingen v. State*, 46 Ind. 132; *Croy v. State*, 32 id. 384; *People v. Webb*, 38 Cal. 467. The same section provides that "no person shall be compelled in any criminal case to be a witness against himself." Yet he can waive the provision, and having become voluntarily a witness in his own behalf may be compelled on cross-examination to give evidence against himself. *State v. Glass*, 50 Wis. 218; *Dickerson v. State*, 48 id. 288; *People v. Kelley*, 47 Cal. 125; *People v. Gibbons*, 43 id. 557; *State v. Wentworth*, 65 Me. 234. Every person tried for a felony has the right to appear and be present in court all the time during his trial, and to be heard by himself and counsel; yet

he may waive this right.    *Salingher v. People*, 102 Ill. 241;
*Hill v. State*, 17 Wis. 697.

LYON, J.    A writ of *habeas corpus* having been duly
issued out of this court, directed to the warden of the
state prison, commanding him to produce before this court
*James Staff*, then in his custody, to the end that the legality
of his imprisonment might be inquired into, such warden,
in obedience to the mandate of the writ, has brought the
said *Staff* before the court and made return to the writ.

The cause for the imprisonment of *Staff* is undisputed.
It appears, both by the petition upon which the writ was
allowed and issued and by the return of the warden
to the writ, that the prisoner was convicted in the mu-
nicipal court of Rock county on an information charg-
ing him with the crime of larceny from the person of one
Chubbuck of a pocket-book and money therein, of the
value of $84.75, and was thereupon sentenced to imprison-
ment for two years in the state prison.    The information
and the form of the judgment and commitment are regular,
and no question is raised upon either.

The only alleged defect in the proceedings is that when
the prisoner was brought up for trial on his plea of not
guilty, he expressly waived a jury trial, and such waiver
was duly entered in the minutes of the court.    Thereupon
he was tried by the court without a jury, and by the court
found guilty and sentenced.    It is now claimed in his be-
half that it was not competent for him to waive a jury trial,
and hence that his conviction was illegal and void and the
court had no jurisdiction to proceed thereon to judgment
and sentence.    If the prisoner could not effectually waive a
trial by jury, the court had no jurisdiction to try him, and
the conclusion seems undeniable that the judgment would,
in that event, be entirely void.    Hence, upon the petitioner's
theory of the case, *habeas corpus* is the proper remedy, not-

withstanding it is well settled that mere irregularity in proceedings resulting in the imprisonment, however flagrant, is not sufficient ground to discharge on *habeas corpus.* That may lawfully be done only where the proceedings are void for illegality. *In re Crandall*, 34 Wis. 177; *In re Pierce*, 44 Wis. 411; Hurd. Hab. Corp. 327. Failing the jurisdiction of the court to try and convict the accused without a jury, the court exceeded its jurisdiction as to subject matter and person, and its judgment and process of commitment, although in proper form, were issued in a case not allowed by law. Such alleged excess, or want of jurisdiction may be inquired into on *habeas corpus*, and if found to exist is ground for a discharge of the accused. R. S. sec. 3428, subd. 1, 4.

Was it competent for the prisoner to waive his right to be tried by a jury? His counsel maintains that the judgment of this court in *State v. Lockwood*, 43 Wis. 403, answers this question in the negative. The assistant attorney general refers us to the statute creating the municipal court for Rock county (ch. 197, Laws of 1881) and to the following clause in sec. 8 thereof, to wit: "A jury trial in said court in criminal cases begun by information, or not originally begun in said court, may be waived by the accused in writing, or by consent in open court, entered on the minutes," and maintains that, under this statute, the above question must be answered in the affirmative. If the statute be sustained, the trial of the prisoner was regular, and the conviction cannot be questioned. The precise question to be determined, therefore, is this: Is the provision of the statute above quoted a valid law? It certainly is a valid law, unless it contravenes sec. 7, art. I, of our constitution, which ordains that, "in all criminal prosecutions, the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory

process to compel the attendance of witnesses in his behalf; and, in prosecutions by indictment or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed, which county or district shall have been previously ascertained by law."

The cases which hold that in a criminal prosecution the accused cannot effectually waive a jury trial are quite numerous, and, as was said by the late chief justice in *State v. Lockwood*, such is undoubtedly the current of authority. None of those cases, however, involve the consideration of statutes like that under consideration. They were determined upon general principles without regard to statutes, and they disclose a radical difference of opinion by different courts as to the grounds upon which the rule is based.

The constitutional provision above quoted is found in nearly or quite all of the state constitutions, as well as in the amendments to the constitution of the United States. Art. VI, amendment of 1791. Some courts have held that it prescribes the tribunal in which, and before which, criminal prosecutions must be tried, and that a jury is an essential part of such tribunal, and cannot therefore be dispensed with by consent of the accused, or otherwise. A leading case which sustains this view of the provision is that of *Cancemi v. People*, 18 N. Y. 128. In that case the prisoner was, with his consent, tried by eleven jurors and convicted. The judgment was reversed for that reason. Manifestly the same principle is involved where the whole jury is waived, for eleven jurors are not a good common-law jury. In the opinion of the court, written by Judge STRONG, it is said: " But when issue is joined upon an indictment, the trial must be by the tribunal and in the mode which the constitution and laws provide, without any essential change. The public officer prosecuting for the people has no authority to consent to such a change, nor has the defendant." This opinion

is fortified (or attempted to be) by reference to the cases of *Lord Dacres* and *Lord Audley*, in England. Lord Dacres was indicted for treason in 1535, and was tried by his peers, the duke of Norfolk being high steward. All of the judges assembled on the day before the trial to resolve certain questions which might arise upon the trial. One of these questions was whether the prisoner might waive his trial by his peers and be tried by the country, and they all agreed he could not, resting their decision upon the following clause of *Magna Charta:* "No free person shall be taken or imprisoned, or shall be dispossessed of any free tenement of his, or his liberties or free customs, nor shall he be outlawed or be punished in any other way; nor will we come upon him, nor send him to prison, *unless by legal decision of his equals*, or by the law of the land." Magna Charta, by Wells, 65, § 29. When arraigned and asked how he would be tried, the report says the prisoner "took long time to consider, and would not have put himself upon his Peers; but at last the High Steward told him that he must give Judgment against him as a Traitor unless he put himself upon his Peers, as against one who refused the Tryal of Law; and thereupon he put himself for his Tryal upon his Peers." *Case of Lord Dacres*, J. Kelyng's Crown Cas. 89. It may be a relief to know that Lord Dacres was acquitted, and an acquittal in prosecutions for treason was so rare in those days that this fact is mentioned, in an extract from Hargrave, found in 1 How. St. Tr. 407, as an apology or inducement for mentioning the case.

Lord Audley was tried in 1631 on an indictment for felony. As in the *Case of Lord Dacres*, the judges were summoned before the trial and the question, among others, was submitted to them whether a peer of the realm might waive his trial by his peers and plead he will be tried by God and the country. The judges answered: "He might not; for his trial by peers was no privilege, but the law de-

clared by *Magna Charta;* which if he would not plead to by a trial of his peers was standing mute." *Case of Lord Audley,* 3 How. St. Tr. 401.

The language of *Magna Charta* is that no free person shall be imprisoned, "unless by legal decision of his equals." This is not the conferring of a privilege upon the accused, but prescribes the tribunal by which he shall be tried; hence the judges said that it was no privilege, but the law. See, also, 2 Wooddeson's Lectures, 581 (2d ed. 346). So, also, the constitution of the United States as originally adopted provided that "the trial of all crimes, except in cases of impeachment, shall be by jury." Art. III, sec. 2. Under such a provision it would most undoubtedly be held that in the trial of criminal causes other than impeachments a jury could not be dispensed with by consent of the accused, or otherwise. But the provision of our constitution above quoted, as well as that of New York, is entirely different. In terms it grants privileges. Its language is: "The accused shall enjoy the right, . . . in prosecutions by indictment or information, to a speedy public trial by an impartial jury," etc. It seems to us that the courts of New York, and other courts which have adopted the same reasoning, have overlooked this distinction.

It is obvious that if the constitutional provision under consideration was correctly interpreted by the New York court,— that is to say, if the constitution prescribes the tribunal for the trial of criminal prosecutions, and makes a jury an essential part of it,— it is beyond the power of the legislature to change the tribunal by eliminating the jury therefrom, or by allowing the accused to do so.

It may here be observed that *Cancemi v. People* was a capital case, the indictment and conviction having been for murder, which was and is punishable by death in that state. Many of the cases which hold that the prisoner cannot effectually waive a jury are of the same class. The judg-

ments in those cases may well be sustained on the principle or rule which has sometimes been asserted that in capital cases, in *favorem vitæ*, the prisoner can waive nothing. It may also be remarked that some of the cases seem to make a distinction between felonies and misdemeanors, holding that in a prosecution for a misdemeanor a jury may be dispensed with by consent of the accused. This distinction was ignored in *State v. Lockwood*, 43 Wis. 403; and in respect to misdemeanors, the punishment for which is or may be imprisonment, there seems to be no substantial ground upon which to rest the distinction. If the line can be drawn between different grades of crime, perhaps a plausible reason might be given for holding that misdemeanors punishable by fine only are distinguishable from other crimes. It might be said that a criminal prosecution for such a misdemeanor is, in its results, essentially like a civil action sounding in tort. In either case, judgment against the defendant is for dollars and cents only, and imprisonment may follow nonpayment thereof.

Some courts, notably the supreme court of Iowa, in view of the peculiar terms of the constitutional provision under consideration, have held that the rights guaranteed therein are merely privileges granted the accused, which he may waive, without the aid of any statute. It was so held in *State v. Kaufman*, 51 Iowa, 578. The opinion is by Judge SEEVERS, and it would be hard to refute the vigorous logic with which he sustains the conclusion and judgment of the court. It is not necessary, however, for us to go to that extent in this case, and indeed we cannot do so without overruling the case of *State v. Lockwood, supra*. That judgment went upon the ground that the right of trial by jury secured by the constitution rested upon public policy, and could not, therefore, be waived by the defendant.

It has already been observed that in *State v. Lockwood*, and in numerous other cases elsewhere which hold the same

doctrine, no question of the power of the legislature to provide for the waiver of a jury was involved or considered. The question is now raised for the first time in this court. We find no provision in the constitution which denies to the legislature the power to permit a person charged with crime to waive a jury and be tried by the court. There may be circumstances which would lead the accused to desire such a trial, and it might be greatly to his benefit. Why should he be denied the privilege? In the absence of a statute conferring it, there may be some good reason resting in considerations of public policy (although perhaps not very apparent) why he should not have such privilege. But when the legislature says that he may have it, and thus establishes a different public policy, what constitutional rule is violated? Public policy is to some extent a creation of the legislature. The statutes embody much of the public policy of the state, and that policy may be one thing to-day and the opposite to-morrow, as the legislature in its wisdom may enact. It was the public policy of the state to deny to persons about to be tried for crime the power effectually to waive a jury. It is now its policy to permit such waiver in the municipal court for Rock county, and in some other courts, and perhaps hereafter the same policy may be extended to all trial courts in the state. We cannot perceive wherein such legislation infringes the constitution. We have more difficulty in finding a satisfactory reason for holding that any legislation is required to confer the right to waive a jury. Sec. 7 of art. I confers many rights upon a person accused of crime, every one of which he may waive, without authority of statute, as has often been judicially determined, except the right to be tried by a jury. Such waiver may be express, or it may be by failure to make due objection and exception. The accused shall enjoy the right to be heard by himself and counsel; yet he need not have counsel unless he chooses, and need not say a word in his

own defense; he may plead guilty, and thus waive every right conferred in the section.  He may demand the nature and cause of the accusation against him; yet when arraigned he may waive the reading of the indictment or information.  He has the right to meet the witnesses face to face; yet he may lawfully consent to the reading of depositions of absent witnesses in evidence.  He is entitled to compulsory process to compel the attendance of his witnesses; yet he may not avail himself of such process.  He is entitled to a speedy public trial; yet, with his consent, trial may be delayed for years, and no doubt the public at large may properly be excluded from the trial at his request. He is entitled to a trial in the county or district previously ascertained by law wherein the offense was committed; yet he may have a change of venue, and, with his consent, the cause may be sent to some county or district and tried therein, hundreds of miles distant from that in which the crime was committed.  He is entitled to be tried by a jury, that is, a common-law jury, which must consist of twelve qualified jurors; yet, if one of the jurors is disqualified for alienage or other cause, in this state the objection is waived by the failure of the accused to challenge such juror.  *State v. Vogel*, 22 Wis. 471.

It is not strange that the supreme court of Iowa, untrammeled by previous adverse decisions in that state, added to the list the only remaining right given the accused by sec. 7, and held that without any statute authorizing it, the accused may also waive the right to be tried by a jury. The reason why we cannot go to the same extent has been already suggested.  But we have no difficulty whatever in holding that the public policy which stood in the way of an effectual waiver of a jury by the accused in a criminal case is not so inherent in the form and frame-work of our government as to place it beyond the reach of legislative interference, but that it is the subject of legislative control.  In

this view we are sustained by ample authority in other states where laws have been enacted authorizing the waiver of juries in criminal cases, and by other cases in states where no such laws have been enacted, but which recognize the power of the legislature to do so. *State v. Worden,* 46 Conn. 349; *Ward v. People,* 30 Mich. 116; *Dillingham v. State,* 5 Ohio St. 280; *State v. Mansfield,* 41 Mo. 470; *Brown v. State,* 16 Ind. 496. In the opinion by Judge CARPENTER in *State v. Worden, supra,* will be found a very able and interesting discussion of the subject.

The cases which illustrate and affirm the foregoing propositions are very numerous. It has been thought necessary to cite but a few of them. Reference to many of these cases will be found in Cooley's Const. Lim. (5th ed.), 391, note 2; in the notes to sec. 113, Proff. Jury Tr.; in an article by Judge ELLIOTT, in 6 Crim. Law Mag. 182 (No. 2, March, 1885), on "Waiver of Constitutional Rights in Criminal Cases;" and in the able brief herein of Mr. Chynoweth, the assistant attorney general.

Our conclusion is that the act of 1881, under consideration, is a valid law, and hence that the defendant effectually waived his right to a jury trial, and was properly tried by the court. The judgment and sentence are therefore legal and valid, and the prisoner, *James Staff,* must be remanded to the custody of the warden of the state prison.

*By the Court.*— It is so ordered.