Wujcik, Respondent, vs. Globe & Rutgers Fire Insur-
ance Company of New York, Appellant, and
Wrzosek, imp., Respondent.

*February 10—March 9, 1926.*

*Appeal: Failure to settle bill of exceptions: Judgment on default:
Order denying new trial: Opportunity afforded defendant of
presenting case: Continuance: Conflicting engagements of
counsel: Pleading: Cross-complaint.*

1. On failure to settle a bill of exceptions incorporating the proof,
   a review on the merits cannot be had.   p. 369.
2. An order denying a motion for a new trial is supported by the
   presumption of regularity that attends all judicial proceed-
   ings.   p. 369.
3. In an action on an insurance policy in which judgment went by
   default against the insurer, on an order to show cause why
   the judgment should not be set aside the defendant was given
   time to take depositions and an opportunity to be heard on
   the law was accorded it.   *Held* that, there being no issues of
   fact for the jury, the taking and consideration of the testi-
   mony of every witness who was shown to have any knowl-
   edge of the facts gave the defendant the same opportunity
   to litigate fully all questions as if it had appeared at the trial
   or as if a new trial had been granted.   p. 370.
4. Where notice of trial was served on counsel for the defendant
   eighteen days before the case was heard as a default and a
   week before counsel in charge of the case, who was a member
   of a firm of able lawyers, entered on the trial of a case in the
   federal court in which he was occupied when this case was
   reached for trial, such conflicting trial engagements of coun-
   sel did not entitle the defendant to a continuance, in view of
   the fact that the case might have been prepared and tried by
   another attorney of the firm.   p. 370.
5. A claim by the insurer against a local agent for disregarding
   its instructions as to the insurance policy issued to the insured
   does not affect or involve a contract of insurance entered into
   prior to such instructions, and was demurrable as pleaded
   under sec. 263.15, Stats., in an action by the insured on the
   policy, though, under sec. 260.19, it was a proper cross-com-
   plaint on proper allegations.   p. 371.

6. Sec. 263.15, Stats., relating to cross-complaints, grants a right which can be exercised by a defendant without leave of court, whereas sec. 260.19 merely grants a privilege which may be exercised only in the discretion of the court; but plaintiff, who caused the agent of the defendant to be made a party, cannot complain if the defendant exercises its right to have the issue as to the agent's failure to follow the insurer's instructions litigated in the action. p. 371.

APPEAL from a judgment of the circuit court for Chippewa county: JAMES WICKHAM, Judge. *Affirmed in part; reversed in part.*

On July 26, 1923, the *Globe & Rutgers Fire Insurance Company* issued its policy of fire insurance to the plaintiff for the sum of $8,800. This policy was delivered to the plaintiff and was paid for by him. The general agents of the insurance company objected to so large a policy on plaintiff's property and directed its local agent to reduce the coverage to $3,500. After considerable correspondence between the local agent and the general agent, the local agent on October 5, 1923, wrote three policies on plaintiff's property aggregating $8,800. One of these policies for the sum of $3,500 was written with the *Globe & Rutgers Fire Insurance Company.*

Plaintiff was not consulted as to the rewriting of his insurance. He had given the agent no authority to cancel the existing policy and to rewrite his insurance. No notice on the part of the company that it desired to cancel his policy had been given to the insured. On October 7, 1923, two days after these new policies were written and before plaintiff knew that any change in his policy had been made, plaintiff's property was destroyed by fire. The loss sustained exceeded $8,800.

At the request of the appellant insurance company the plaintiff made *Wrzosek,* the local agent who issued the pol-

icy, a defendant. The trial court sustained a demurrer to appellant's cross-complaint against defendant *Wrzosek* and entered judgment dismissing the cross-complaint.

The case was noticed for trial on October 7, 1924, for the term of court opening on October 20, 1924. On September 20, 1924, Mr. Fish, one of the counsel for the appellant, was notified that a case in federal court, in which he appeared as counsel and which he knew would consume considerable time in trial, would be set for trial on October 14, 1924. When the term of court opened in Chippewa county on October 20, 1924, affidavits were presented showing that Mr. Fish was engaged in the trial of this case in federal court and a continuance asked, which was denied. Counsel for the appellant company made no further appearance in the case and permitted judgment for the full amount due on the $8,800 policy to be taken by default when the case was reached for trial October 25, 1924.

On November 20, 1924, appellant procured an order to show cause why the judgment should not be set aside and a new trial granted because Mr. Fish was engaged in the trial in federal court at the time that judgment was entered in this case. On the return day of this order the trial judge directed that the hearing should be continued in order that the appellant might procure a transcript of the testimony taken when judgment was entered and have the opportunity to take such depositions on any question of fact relating to the merits of the defense as it might desire to present to the court. The order continuing the hearing provided that, if these proofs presented any material question of fact, the court would set aside the judgment and submit the matter to a jury, and, if the proof presented no issue for the jury, the court would hear appellant upon all questions of law and of fact relating to its defense. After such proof had been taken and presented to the court and the parties had been given an opportunity to be fully heard upon the questions involved,

the court on January 23, 1925, entered an order denying the motion for a new trial.

For the appellant there was a brief by *Fish, Marshutz & Hoffman* of Milwaukee, and oral argument by *Irving A. Fish.*

For the respondent *Wujcik* there was a brief by *C. B. Culbertson* of Stanley and *Roy P. Wilcox* of Eau Claire, and oral argument by *Mr. Wilcox.*

*W. M. Bowe* of Chippewa Falls, for the respondent *Wrzosek.*

STEVENS, J.    The appellant insurance company presents two questions on this appeal:

*First.* That the trial court erred in refusing to set aside the judgment against the appellant and to grant a new trial.

*Second.* That the trial court erred in sustaining the demurrer of the local agent, *Wrzosek,* to the cross-complaint of the appellant insurance company and in granting judgment dismissing appellant's cross-complaint.

*First.* Appellant's brief presents the merits of the issue between the plaintiff and the appellant. But upon oral argument, counsel for appellant stated that, as between plaintiff and appellant, the only question presented is whether the trial court erred in not granting a new trial. Even if appellant sought a review upon the merits, it would be of no avail because no bill of exceptions was settled incorporating the proof which is essential to such a review.

In reviewing the order denying the new trial, the court has considered the depositions as a part of the original papers used on the motion for a new trial which are to be returned with the order from which the appeal is taken. Sec. 274.13 of the Statutes. This order is supported by the presumption of regularity that attends all judicial proceedings. The record abundantly supports the presumption that the trial court considered the depositions as evidence of the

facts which the testimony in the case would tend to establish if a new trial was granted and determined that, if all the facts which these depositions tend to establish were true, the case presented nothing but issues of law which the trial court determined adversely to the contentions of the appellant. After an examination of the entire record and of the legal propositions urged by appellant we reach the conclusion that there were no issues of fact for the jury and that the issues of law were correctly determined. The procedure adopted by the trial court gave the appellant an opportunity to as fully litigate all questions of fact and of law as if it had appeared at the trial or as if a new trial had been granted. The testimony of every witness that is shown to have any knowledge of the facts was taken and considered by the court.

The trial court is to be commended for the care which it exercised to protect the interests of appellant. The appellant was in no position to ask such consideration of the court as it in fact received. It was not entitled to relief because of mistake, inadvertence, surprise, or excusable neglect. Notice of trial in this case was served on counsel for appellant eighteen days before this case was heard as a default and a week before counsel who had charge of this case entered upon the trial of the case in federal court, in which counsel was occupied when this case was reached for trial. Counsel is a member of a firm of able lawyers. An examination of the record satisfies the court that the case is one that could have been prepared for trial and tried when it was called for trial by another member of the firm representing the appellant. Under such circumstances conflicting trial engagements of counsel do not entitle parties to a continuance. The administration of justice cannot be stayed because of such conflicting engagements, where it is apparent that other members of a firm of lawyers representing the party asking the continuance can fully protect the interests of their client. The situation is very different

from that which arises when, without previous knowledge of the possibility of conflicting trial engagements, counsel is called upon to care for the rights of clients in two different courts at the same time, with no opportunity for other counsel to prepare to properly present either of the cases to the court. Courts and parties litigant cannot await the convenience of counsel who make no greater effort to aid in the prompt disposal of cases than was done in the case at bar.

*Second.* The record does not disclose the grounds upon which the trial court sustained the demurrer of the defendant *Wrzosek* to the cross-complaint of the appellant. Counsel for defendant *Wrzosek* seeks to sustain the order on the ground that the matter alleged in the cross-complaint was not pleadable as a cross-complaint under sec. 263.15 of the Statutes. This position is undoubtedly well taken, because the claim which the appellant makes against defendant *Wrzosek* does not involve or in any manner affect the contract of insurance which is the subject matter of this action.

The situation presented is one that comes clearly within the provisions of sec. 260.19, because appellant asserts that, if it is held liable to the plaintiff, it will have a right of action against defendant *Wrzosek* to recover of him any sum which it may be held liable to pay to plaintiff because, as it alleges, its liability will be "wholly due to the failure and neglect of said *Joseph Wrzosek* to perform his duties as agent" of the appellant.

Secs. 263.15 and 260.19 apply to entirely different situations. Sec. 263.15 grants a right which can be exercised without leave of court by a party defendant whenever the case comes within the terms of the statute. Sec. 260.19 does not confer a right. It grants a privilege which may be exercised only when the court in its discretion permits the exercise of such privilege. *Fisher v. Milwaukee E. R. & L. Co.* 173 Wis. 57, 62, 180 N. W. 269; *Ertel v. Milwaukee E. R. & L. Co.* 164 Wis. 380, 386, 160 N. W. 263.

There are undoubtedly cases where the granting of the privilege provided for by sec. 260.19 may work a hardship on a plaintiff who is obliged to await the determination of the issues raised between the two defendants in which he may have no interest. But the plaintiff is in no position to complain in this case. By making the defendant *Wrzosek* a party, plaintiff placed the appellant in a position where it had a right to have this issue determined in this action. Appellant's cross-complaint states a cause of action against the defendant *Wrzosek* which was properly pleadable as a cross-complaint in this action.

*By the Court.*—The order denying the motion for a new trial is affirmed. The judgment is affirmed, except in so far as it dismisses appellant's cross-complaint against defendant *Wrzosek.* Upon the latter issue the judgment is reversed and the cause is remanded for further proceedings.