DUENKEL (LEONARD), Plaintiff in error, vs. THE STATE, Defendant in error.

*March 11—April 5, 1932.*

L. P. *Fox* of Chilton, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

FAIRCHILD, J.   A motion for a new trial in a criminal case is a request for another judicial examination of the issues between the State and the defendant.   In the absence of prejudicial error and if all material facts were properly before the court in the former trial and the issues correctly determined, there is no occasion for further proceedings in court and the motion should be denied.   That the plaintiff in error was guilty of the acts charged in the information is established beyond all reasonable doubt by competent evidence as well as by his statements.   There is no suggestion in the motion papers or anywhere else that the complaining witness was not the victim of assaults nor that defendant was not one of the three men who participated in those assaults.   In fact the chief contention of plaintiff in error is a complaint that the trial court refused to grant a continuance of the case because of the engagement of L. P. Fox, Esq., in the trial of a cause in another circuit, and that the sentence was more severe than it should have been.

Under some circumstances an engagement in a trial in another circuit by an attorney when a case is reached for trial would be good and sufficient if not a compelling cause for a

continuance from day to day at least. The consideration which courts of co-ordinate jurisdiction extend to each other is necessary to avoid conflicts and interference with the work of each other when such emergencies arise. This exchange of courtesies, if it is nothing more, is largely within the discretion of the court and is prompted by the interests of efficiency as well as civility and comity. But where the accused, represented by a firm of able lawyers, admits his guilt, there is nothing to require the court to delay for the presence of a certain member of that firm if another of the firm is present and able to proceed. *Mainville v. State,* 173 Wis. 12, 179 N. W. 764; *Wujcik v. Globe & Rutgers Fire Ins. Co.* 189 Wis. 366, 207 N. W. 710; *Koch v. Wisconsin P. C. Co.* 146 Wis. 267, 131 N. W. 404.

We have searched the record to discover an invasion of a substantial right of the plaintiff in error and have found none. No motion for a continuance was made at the time the case was called. No notice of such a motion was served on the district attorney. This may have resulted from a judgment, as to the course to pursue, formed by attorneys for plaintiff in error after an informal talk between Jerome Fox, Esq., who was present at the trial, and the judge. But in the dispute which has arisen the judge is sustained by the record and the supporting affidavits of the district attorney for Washington county and of others who were present.

A brief review of the proceedings serves to dispose of all objections raised. We confine our recital of these matters to the proceedings in the circuit court. The record in the preliminary examination, while meager, shows no undue haste, nor does it show the accused was prejudiced as to any of his rights. It does show he was bound over for trial to the circuit court. When the matter was reached in the circuit court no objection was taken to anything that had preceded the filing of the information against him. *Thies v. State,* 178 Wis. 98, 189 N. W. 539. He was thus under the jurisdiction of the circuit court when the information was duly filed;

to this he pleaded first not guilty, later, with consent of the court, changing his plea to one of guilty. When the case came to the circuit court it came there with the accused bound to answer to the charge of statutory rape under sec. 340.47, Stats. The crime was committed early on the 1st day of March, 1930; the complaint was sworn to and plaintiff in error arrested on the same day. A brother of plaintiff in error sought to retain H. P. Schmidt, Esq., a member of the bar of Washington county. Mr. Schmidt evidently gave some consideration to the matter and then sought release from taking part in the defense, or at least from assuming the whole burden thereof. Thereafter the brother retained L. P. Fox, Esq., of the firm of Fox & Fox of Chilton, Wisconsin. The term of the court began March 17, 1930. When the case was called the plaintiff in error with two others charged with a similar offense upon the same person were in court, one represented by Mr. T. L. Doyle of Fond du Lac, an attorney of experience and ability. All pleaded guilty. The record shows the appearance of the district attorney and his assistants and the appointment of Mr. Schmidt as attorney for defendant by the court in the following manner:

"The defendant Leonard Duenkel arraigned in open court.

"By the Court: Now, Mr. Duenkel, have you an attorney?

"Mr. Duenkel: I don't know where I am at. I don't know if I have for sure or not.

"By the Court: Well, have you got any money to pay an attorney?

"Mr. Duenkel: No, I haven't.

"By the Court: Who do you want for your attorney?

"Mr. Duenkel: Do you mean to pick an attorney out?

"By the Court: You can pick one, yes.

"Mr. Fox: Now your Honor, Mr. Duenkel's brother has made arrangements with L. P. Fox (partner of the speaker) of Chilton to represent him in this trial.

"By the Court: Well, I don't know anything about that. If Mr. Fox is here, very well, but I can't appoint an attorney from outside of the county.

"Mr. Fox: That is very well.

"By the Court: I will appoint an attorney for him in this county, but if he has got money to hire another attorney, or his brother has got the money to hire another attorney, very well. Well, now, who do you want from this county—you can have Mr. Fox or anybody else that you want. Have you anybody in mind?

"Mr. Duenkel: The only one that I would want would be Mr. Schmidt.

"By the Court: You request that the court appoint Hy P. Schmidt?

"Mr. Duenkel: Yes, sir.

"By the Court: Stand up, Mr. Schmidt. (Mr. Schmidt stands up.) Now, this defendant has no money and he requests that you be appointed as his attorney. I will appoint you as his attorney and you have got to act whether you want to or not, you understand? You are an officer of this court and it is as much your duty to act as it is mine. You understand that, do you, Mr. Schmidt?"

A recess was taken by the court. Mr. Schmidt, waiving the reading of the information, entered a plea of not guilty. Thereafter at eleven o'clock Mr. Jerome Fox and Mr. Schmidt and the defendant in person appeared in court and a plea of guilty was entered. The court then began an examination of the case assisted by the district attorney, J. M. Peters, and Edward J. Gehl, a special assistant, Mr. Jerome Fox, and Mr. Hy P. Schmidt. The complaining witness was placed upon the stand and testified to her age as being sixteen. She gave a description of the events leading up to the perpetration of the crime and of the acts of the defendant Leonard as well as the others who assisted in the accomplishment of some of the acts complained of.

From the testimony it appears the plaintiff in error induced the complaining witness to enter his automobile where he was shortly joined by his brother Fred and John Penoske. The machine was driven into the country and the assaults by each of the men were perpetrated. There is no affidavit of

merits, the nearest approach to any claim in the nature of an extenuation or palliation for the crime being that plaintiff in error had been drinking. The concert of action suggested by getting the girl into the automobile and the appearance of the other two, the driving into the country, and the perpetration of the crime, does not leave much room for reasonable minds to differ over his ability to commit the crime and his wilfulness in the matter. The plaintiff in error is twenty-four years of age, married, and the father of two children. The facts warrant the conclusion reached by the trial court that the plaintiff in error was guilty of the crime charged. The court took a further recess until two o'clock that afternoon, when sentence was pronounced.

The version insisted upon by counsel for plaintiff in error is that Jerome Fox had no authority to represent the plaintiff in error; that the court arbitrarily appointed Mr. Schmidt; that the record shows Mr. Schmidt entered a plea of not guilty, and that the withdrawing of that plea later and the entering of a plea of guilty by Mr. Fox was a nullity. In support of this point he argues that the plea of guilty in a felony case must be entered by the defendant himself personally with full knowledge of the seriousness of the crime charged, and cites cases which hold that the plea must be made in person, and if made by an attorney is considered a nullity. The established practice in the courts of this state is to permit an attorney to represent and speak for one charged with crime. The ancient rule, born of the necessities arising out of the circumstances which severely circumscribe one accused of crime, requiring the defendant to be brought into court to stand and hold up his hand for the purpose of the court's being assured of his identity, is not the one prevailing here. The trial court must be satisfied of the identity of the accused and certain of his presence and of his understanding of the offense with which he is charged, but it

is no legal fiction to assume that an accused person, represented by an attorney, a member of the bar, who after consultation with and in the presence of the accused announces to the court a desire to change a plea from not guilty to guilty, is himself pleading that it is his plea of guilty and should have the same force and effect as if he himself had spoken the words. The record here discloses that the final plea was free from coercion, and that the court was at some pains to satisfy himself that the plea was voluntary and in accordance with the facts. That thought was given by plaintiff in error to the matter of this change of plea appears and is confirmed by his affidavit in which he suggests that after talking with the lawyers and getting their advice he was of the opinion that it would be to his advantage not to insist upon a trial, and to enter a plea of guilty. In the case of *People v. Manriquez*, 188 Cal. 602, 206 Pac. 63, it was held that a statute requiring a plea of guilty to be made by the accused himself was complied with, although, before he could answer, his attorney stated that the plea was guilty, he having later admitted that he "had been guilty all the time." We have no such technical and limiting statute in this state. Our statute, sec. 353.01, reads:

"No person . . . informed against . . . shall be convicted . . . unless by confession of his guilt in open court, or by admitting the truth of the charge against him by his plea, . . . accepted and recorded in court."

The discussion in the opinions filed in *Hack v. State*, 141 Wis. 346, 124 N. W. 492, suggests many and sufficient reasons for holding that in accepting a plea of guilty, entered under such circumstances as control this case, no error has occurred. *Boehm v. State*, 190 Wis. 609, 209 N. W. 730. Trials and investigations in court are to protect the innocent and set apart the guilty. The court, in every stage of an action, is to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of a party, and no judgment shall be reversed or affected by rea-

son of such error or defect. Sec. 269.43. It is also provided in sec. 274.37 that no judgment shall be reversed or set aside, or new trial granted, in a criminal action for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire proceeding, it shall appear that the error complained of has affected the substantial rights of the accused.

The maximum penalty fixed by the legislature as a punishment for this crime is thirty-five years. The term of imprisonment imposed by the trial court upon plaintiff in error was twenty years. As to the others who were accused and pleaded guilty, the court sentenced Fred Duenkel to imprisonment for fifteen years, and John Penoske for seven years. The facts disclosed in the record warrant the judgment entered and the denial of the motion for a new trial.

*By the Court.*—Judgment and order affirmed.