OKERSHAUSER, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 14—June 5, 1908.*

*Criminal law and practice: Disqualification of juror: Waiver.*

Where, in a criminal action, upon the examination of a juror as to his qualifications, it appeared that he was disqualified by reason of his inadequate knowledge of the English language, the defendant, by failing to challenge such juror for cause or otherwise object to his presence on the jury, waived all objections to his competency.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *R. S. Witte,* attorney, and *Lyman G. Wheeler,* of counsel, and oral argument by *Mr. Witte.* They cited, among other cases, *Jennings v. State,* 134 Wis. 307, 114 N. W. 492; *State v. Lockwood,* 43 Wis. 403; *In re Staff,* 63 Wis. 285, 23 N. W. 587; *Norval v. Rice,* 2 Wis. 22; *May v. M. & M. R. Co.* 3 Wis. 219; *Bennet v. State,* 24 Wis. 57; *Sutton v. Fox,* 55 Wis. 531, 13 N. W. 477.

For the defendant in error there was a brief by the *Attorney General, Francis E. McGovern,* district attorney, and *A. C. Backus,* assistant district attorney, and oral argument by *Mr. Backus.* They cited *State v. Vogel,* 22 Wis. 449; *Hogan v. State,* 36 Wis. 226; *Bonneville v. State,* 53 Wis. 680; *In re Staff,* 63 Wis. 285; *Flynn v. State,* 97 Wis. 44; *In re Roszcynialla,* 99 Wis. 534; *Emery v. State,* 101 Wis. 627; *Cornell v. State,* 104 Wis. 527; *Schwantes v. State,* 127 Wis. 160; *State v. Madigan,* 57 Minn. 425; *Drake v. State,* 5 Tex. Ct. App. 649; *U. S. v. Baker,* 3 Ben. 68; *Case of a Juryman,* 12 East, 230; *Wassum v. Feeney,* 121 Mass. 93; *Cole v. Lehlback,* 160 U. S. 293; *Brewer v. Jacob,* 22 Fed. 217; *Greenup v. Stoker,* 8 Ill. 202.

Timlin, J.  The plaintiff in error was convicted in the municipal court of Milwaukee county and sentenced to imprisonment in the house of correction for one year after having been found guilty by the verdict of a jury.

The only point argued in the brief of plaintiff in error is that Ignatz Gorski, one of the jurymen, was not of sufficient intelligence to qualify him as a juror and di 1 not have sufficient knowledge of the English language to understand the nature of the evidence or any of the arguments or proceedings in the case.  It appeared that when the jury was called this juror was examined with reference to his qualifications by the assistant district attorney and by the attorney for the plaintiff in error.  He testified that he had no bias or prejudice for or against the prosecution of the class of cases in question, no interest in the outcome of the case, no bias or prejudice for or against the defendant, and had formed or expressed no opinion as to his guilt or innocence.  He understood the defendant in a criminal case is presumed innocent until he is found guilty, that the burden of proof was on the state, and there was nothing to prevent him giving the defendant the presumption of innocence.  These answers were made in monosyllables.  Several more complicated questions were not answered.  Neither counsel pressed for an answer, but the juror did testify as follows: "Question by counsel for plaintiff in error: Do you understand the English language clearly so that you will understand all the evidence that is introduced here?  A. No."  After this several other questions remained unanswered, but the juror was accepted without challenge by the state or by the plaintiff in error.  After his conviction the plaintiff in error moved for a new trial upon affidavit averring the foregoing disqualifications of the juror Gorski, and that plaintiff in error did not know of such disqualifications prior to the rendition of the verdict in the action.  The court denied the motion for a new trial.

There is some evidence tending to show that the juror had some meager qualifications, but we will assume for the purpose of this decision that he was wholly disqualified by reason of his inadequate knowledge of the English language. The examination of the juror shows that the plaintiff in error had notice of this disqualification and failed to challenge the juror for this or any other cause. A party to a lawsuit, civil or criminal, is in court for the purpose of trying his cause openly and fairly, and is not justified in lying in wait for errors on the part of the trial court relating to matters which he fails to bring to the attention of that court. It has long been the law of this state that objection to a juror on the ground that the latter was not a citizen of the United States and understood the English language imperfectly must be raised by challenge for cause before trial, and cannot be raised for the first time upon motion for a new trial after an adverse verdict. *Bonneville v. State,* 53 Wis. 680, 11 N. W. 427. The case at bar goes farther, however, because the plaintiff in error was informed before the trial by the answer of the juror of the very disqualification which he now urges. He failed to challenge the juror for cause or otherwise object to his presence on the jury. It is as if he expressly assented that Gorski should form one of the panel of jurors. As was said in *Emery v. State,* 101 Wis. 627, 78 N. W. 145: "Silence, when objection ought to be made, works a waiver as much as express assent." Other cases are cited in the brief of the attorney general.

Counsel for plaintiff in error contends upon the authority of *Jennings v. State,* 134 Wis. 307, 114 N. W. 492, and other cases of that class, that because it is a rule of law in this state that one on trial for a criminal offense could not waive his right to a trial by a jury of twelve men it follows that he could not waive the disqualification of the juror Gorski. We cannot assent to the correctness of this proposition. The rule of *Jennings v. State, supra,* is not to be ex-

tended, and, curiously enough, does not apply where the legislature has enabled the accused to make even the waiver there considered. Sec. 4701, Stats. (1898), provides that the impaneling and qualifications of the jury, the challenge of jurors for cause, etc., shall be the same in criminal cases as provided by law in civil cases. It is provided by sec. 2881, Stats. (1898), that no irregularity in the impaneling of petit .jurors shall be sufficient to set aside the verdict unless the party making the objection was injured by the irregularity or unless the objection was made before the returning of the verdict. We must hold that the plaintiff in error waived all objection to the competency of the juror Gorski.

*By the Court.*—The judgment of the municipal court is affirmed.