HEYROTH, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 10—February 5, 1957.*

For the plaintiff in error there was a brief and oral argument by *Donald W. Kaatz* of Madison.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

CURRIE, J. The new criminal code (Title XLV, Stats. 1955) did not take effect until July 1, 1956, so that the 1953 statutes are applicable to the instant prosecution. Sec. 343.19, Stats. 1953, under which Heyroth was charged, reads as follows:

"Any person who shall buy, receive, conceal, or aid in the concealment of stolen money, goods, or property, knowing the same to have been stolen, shall receive the same punishment as is hereinbefore provided for the stealing of such money, goods, or property; and in any prosecution for such offense it shall not be necessary to aver or prove that the person who stole the same has been convicted."

Therefore, while value of the stolen goods received is not an element of the crime covered by sec. 343.19, Stats. 1953, it does determine the severity of the punishment to be imposed for violation of such statute. This is because sec. 343.17, Stats. 1953, which specifies the punishment to be imposed upon one who commits the crime of larceny, provides for different gradations of punishment depending upon the value of the property stolen. If the value of the goods stolen does not exceed $20 the punishment is not more than six-months imprisonment in the county jail, or a fine not exceeding $100. If such value exceeds $20 but is less than $100, the punishment is imprisonment in the state prison or county jail for not more than one year nor less than six months, or a fine not exceeding $200. More-severe penalties are provided where the value of the property stolen is greater than $100.

The first question with which we are confronted is whether the value of the stolen property alleged to have been received by Heyroth may be determined by the trial court, where the jury has failed to find such value in its verdict.

In *Koch v. State* (1906), 126 Wis. 470, 478, 106 N. W. 531, it was held in a prosecution for larceny from the person that a verdict that was defective in two respects, one of which was that there was no finding of the value of the property taken, was not sufficient to sustain a conviction.

A trial court in the later case of *State v. Clementi* (1937), 224 Wis. 145, 272 N. W. 29, in a prosecution for larceny of a gambling device, refused to submit the question of the

value of the device to the jury. This court, in commenting thereon in its opinion, stated (p. 153):

"The trial court did not submit the question of value to the jury, although requested to do so. This was error. Inasmuch as the degree of the offense depends upon value of the articles stolen, the jury should have been directed to determine the value of state's Exhibit 1 under proper instructions. *Koch v. State* (1906), 126 Wis. 470, 106 N. W. 531."

If the instant case had been a civil instead of a criminal case, there would be no question but that the trial court's action after verdict, in finding the value of the stolen goods received by Heyroth, would have been authorized by sec. 270.28, Stats. 1953. Such statute provides as follows:

"When some controverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on such matter shall be deemed a waiver of jury trial *pro tanto.*"

Sec. 270.28 is part of Title XXV, Stats., which is expressly limited to procedure in civil actions. However, the state contends that sec. 357.14, Stats. 1953, makes sec. 270.28 applicable to criminal as well as civil trials. Sec. 357.14, Stats. 1953, reads as follows:

"The summoning of jurors; the impaneling and qualifications of the jury; the challenge of jurors for cause; the duty of the court in charging the jury and giving instructions and discharging the jury when unable to agree shall be the same in criminal as it is in civil actions, except that section 270.18 shall not apply to criminal actions. Section 327.25 applies to criminal proceedings."

While such statute is entitled "Rules of civil trials" a plain reading thereof discloses that all statutory rules of civil trials

are not made applicable to criminal trials but only those covering the subjects expressly enumerated therein. The right of a trial court to make a finding of fact after return of the verdict is not embraced within any of the categories enumerated in said sec. 357.14, Stats. 1953. We, therefore, deem that the state's argument on this issue is without merit.

It is our considered conclusion that only the jury could make the finding of the value of the stolen goods received by Heyroth which is necessary to enable the trial court to impose sentence based upon a value in excess of $20.

One further contention raised by Heyroth's counsel merits consideration, viz., that the evidence does not support the verdict because of the alleged lack of any proof that Heyroth knew that the two suitcases and their contents were stolen property. Belief that the goods received were stolen has been held to be the equivalent of knowledge. In *Meath v. State* (1921), 174 Wis. 80, 83, 182 N. W. 334, Meath had been prosecuted under the same statute as was Heyroth in the instant case, and the court stated as follows:

"By the express language of this statute an essential element of the offense is that the defendant shall, at the time of his receiving or dealing with the stolen property, know that such property has been stolen. It is as essential that the jury shall, beyond a reasonable doubt, find that he had such knowledge at the time of his transaction with the property as they must that the property was theretofore stolen. Such guilty knowledge, *or its equivalent, guilty belief, may be proven by circumstantial evidence,* but it is not sufficient that such circumstantial evidence convinces the jury beyond a reasonable doubt that the defendant ought to have known that the property was stolen; it must go a substantial step further and satisfy them that he did know or believe." (Emphasis supplied.)

We are satisfied that there was sufficient circumstantial evidence to warrant the jury in finding that Heyroth did believe that the contents of the suitcases, if not the suitcases

themselves, were stolen. When Hayes and Cook offered to sell the six new Benrus watches to Heyroth on the night of September 20th, Heyroth asked where they had obtained the watches. To this Hayes gave the evasive answer, "In town." Heyroth merely said, "Oh," and did not pursue his inquiry further. Then on September 26th, Cook told Heyroth that the police were getting hot on Cook's trail and that he wanted to get rid of the merchandise. It was as a result of this conversation that Heyroth agreed to meet Cook the next day so that the suitcases and their contents could be taken by Heyroth.

Because of the error in not submitting a question as to value in the verdict, we ordinarily would reverse and remand for a new trial. However, the state in its brief requests that, in the event we reached the conclusion that error had been committed, because of such failure of the jury to determine value, the cause be remanded for sentencing Heyroth under the penalty provision for petty larceny when the value of the stolen goods does not exceed $20. It is pointed out that the maximum fine which could be imposed on Heyroth under such provision would be $100, or but $50 less than the fine actually imposed.

If Heyroth had been originally charged with only having received stolen property of a value of not to exceed $20, there would have been no necessity of submitting any question of value in the verdict. Therefore, Heyroth will not be permitted to voice any objection if he is now sentenced on the basis of the value of the stolen goods received by him being not to exceed $20. Both the evidence and the verdict are sufficient to support such a sentence. However, the public has an interest in seeing that exact justice is meted out, and that a guilty man does not receive a lighter sentence than warranted after giving due consideration to all of the proper factors to be taken into account in imposing sentence. It is the duty of courts to properly protect the public interest in

such matters when acting upon a recommendation of the prosecuting authorities, such as the one now before us.

While it is to the interest of the public that Heyroth receive the full penalty merited by his crime, it is also to the public interest that the taxpayers not be put to the expense of a second trial if nothing of an appreciable nature is to be gained thereby. It seems to us that where only a difference of $50 in the amount of the fine may be at issue, a court could well conclude that the greater public interest would be served by acceding to the state's request and thus avoiding the expense of a second trial. However, we believe that the proper court to exercise this discretion is the trial court rather than the appellate court.

We, therefore, determine that the judgment be reversed, and the cause remanded for the purpose of permitting the trial court to exercise its discretion to either sentence Heyroth within the authorized penalty limits for petty larceny as provided in sec. 343.17, Stats. 1953, or to order a new trial.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.