STATE EX REL. DERBER, Petitioner, v. SKAFF, Respondent.

*December 2, 1963—January 7, 1964.*

For the petitioner there was a brief by *Cohen & Parins,* and oral argument by *Robert J. Parins,* all of Green Bay.

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

PER CURIAM. The Fourteenth amendment to the constitution of the United States does not require the states to afford a jury trial in criminal proceedings.[1] It follows that a state may set its own procedure for waiver of the jury trial

---

[1] *Maxwell v. Dow* (1900), 176 U. S. 581, 604, 20 Sup. Ct. 448, 44 L. Ed. 597; *Twining v. New Jersey* (1908), 211 U. S. 78, 111, 29 Sup. Ct. 14, 53 L. Ed. 97; *Palko v. Connecticut* (1937), 302 U. S. 319, 324, 58 Sup. Ct. 149, 82 L. Ed. 288.

afforded in that state.[2] Thus petitioner's claim that he has been confined in violation of the Fourteenth amendment has no merit. We note, however, that a stipulation made by counsel, without protest by defendant, to trial by jury of less than 12 in a federal prosecution has been deemed a sufficient waiver, immune from collateral attack on constitutional grounds.[3]

Sec. 7, art. I., Wis. Const., guarantees a trial by jury in prosecutions by indictment or information. In an early case, this court held that trial by jury could not be waived after a plea of not guilty.[4] Later it was decided that trial by jury could be waived if a statute so provided,[5] but could not be waived in the absence of statute.[6]

Sec. 957.01 (1), Stats., now provides generally that criminal cases in courts of record shall be tried by a jury of 12 "unless the defendant waives a jury trial in writing or by statement in open court, entered in the minutes, with the approval of the court and the consent of the state."

Petitioner argues that in the absence of written waiver, the statute requires a statement uttered by the defendant in person waiving or assenting to a waiver of jury trial.

Obviously the statute does not, in so many words, specify that the statement must be made by defendant in person, and it is commonplace that many acts which a party to an action or other proceeding is called upon to perform in the course of litigation are done on his behalf by his attorney, if he has

---

[2] *United States v. Commonwealth of Pennsylvania* (D. C. Pa. 1961), 196 Fed. Supp. 51, 53.

[3] *Horne v. United States* (5th Cir. 1959), 264 Fed. (2d) 40, certiorari denied (1959), 360 U. S. 934, 79 Sup. Ct. 1460, 3 L. Ed. (2d) 1549.

[4] *State v. Lockwood* (1877), 43 Wis. 403, 405.

[5] *In re Staff* (1885), 63 Wis. 285, 289, 23 N. W. 587.

[6] *Jennings v. State* (1908), 134 Wis. 307, 310, 114 N. W. 492 (criticized in *Okershauser v. State* (1908), 136 Wis. 111, 113, 116 N. W. 769; *Oborn v. State* (1910), 143 Wis. 249, 259, 126 N. W. 737), and *State v. Smith* (1924), 184 Wis. 664, 672, 200 N. W. 638.

one. We think the statute is properly to be interpreted in the light of this recognized practice.

In according validity to a plea of guilty entered for a defendant by his counsel, this court has said: "The established practice in the courts of this state is to permit an attorney to represent and speak for one charged with crime." [7]

The court of appeals for the Fifth circuit has said, in finding a waiver immune from collateral attack:

"Here the matter was intelligently and deliberately discussed in open court. The Court had every right to conclude that the action openly taken on both occasions by petitioner's counsel, with no protest from petitioner was, as in the usual case . . . the act of petitioner." [8]

The court of appeals for the District of Columbia, in applying a rule similar to our statute, said:

"It is obvious that the word 'accused,' or its synonym 'defendant,' is often used to apply to a defendant *or* his counsel. Thus, while throughout the Federal Rules of Criminal Procedure the word 'defendant' is generally used, it is quite apparent that in most instances, when the accused has counsel, the latter rather than the former is the proper person to take the action required thereunder." [9]

We have found several cases in states requiring affirmative waiver and recognizing oral waiver, where defendant's counsel orally waived jury trial, in defendant's presence, and defendant was held to have acquiesced by failing to object. [10] In California, the defendant must also personally express

[7] *Duenkel v. State* (1932), 207 Wis. 644, 649, 242 N. W. 179.

[8] *Horne v. United States, supra,* p. 43, footnote 3.

[9] *Hensley v. United States* (D. C. Cir. 1960), 108 App. D. C. 242, 281 Fed. (2d) 605, 608.

[10] *Seattle v. Gardner* (1959), 54 Wash. (2d) 112, 113, 338 Pac. (2d) 125; *People v. King* (1961), 30 Ill. App. (2d) 264, 268, 174 N. E. (2d) 213; *Territory v. Van Dalden* (1934), 33 Hawaii 113, 131, and *Commonwealth v. Dailey* (1853), 66 Mass. (12 Cush.) 80, 83.

consent[11] but this rule stems from the terms of the state constitution permitting waiver by consent "expressed in open court by the defendant and his counsel." We have found no other cases which squarely meet the problem under statutes or rules similar to ours.

Petitioner relies on decisions holding that an attorney, by virtue of his retainer, does not have authority to bind a client to a compromise settlement.[12] In view of the importance of the right of jury trial as a constitutionally protected right, we would agree that a written waiver signed by the attorney alone or an oral waiver by the attorney out of the presence of the defendant would not be sufficient without something of record to show authorization or ratification by defendant. Doubtless where a defendant charged with a misdemeanor duly authorized an attorney to represent him at a trial in his absence, pursuant to sec. 957.01 (1), Stats., authority to waive a jury trial would be implied. We think, however, that the presence and silent acquiescence of the defendant in a case such as the instant one sufficiently demonstrates the authority of the attorney to speak for the defendant, and makes the attorney's statement his own.

Although we conclude that the statutory requirements for waiver of jury trial were fulfilled, it should be noted that it would be good practice for defense counsel or the court to address questions to the defendant in order to make it clearer of record that defendant joins in the waiver.

The petition for a writ of *habeas corpus* is denied.

BEILFUSS, J., took no part.

[11] *People v. Holmes* (1960), 54 Cal. (2d) 442, 444, 353 Pac. (2d) 583.
[12] *Fosha v. O'Donnell* (1904), 120 Wis. 336, 342, 97 N. W. 924; *Seymour State Bank v. Rettler* (1917), 164 Wis. 619, 621, 160 N. W. 1084.