DASCENZO, Plaintiff in error, v. STATE, Defendant in error.

*November 30, 1964—January 5, 1965.*

226

228

For the plaintiff in error there was a brief and oral argument by *I. Engle* of Waukesha.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, *William A. Platz,* assistant attorney general, and *Roger P. Murphy,* district attorney of Waukesha county.

BEILFUSS, J.

## I. Did the Trial Court err in Allowing the Case to be Tried by a six-member Jury, Without the Express Consent of the Defendant?

Sec. 957.01 (2), Stats., provides:

"At any time before verdict the parties may stipulate in writing or by statement in open court, entered in the minutes, with the approval of the court, that the jury shall consist of any number less than 12."

The following colloquy took place between counsel and the court:

"*The Court:* As I understand, you have stipulated to a jury of six?
"*Mr. Krause* [Defense counsel]: Yes, Your Honor.
"*Mr. Collins* [Prosecution]: Yes, Your Honor."

Defendant was present, next to his counsel, at that time. No objection was made. At oral argument it was not suggested that at the time of the trial defendant wished, in fact, to have a 12-man jury.

In *State ex rel. Derber v. Skaff* (1964), 22 Wis. (2d) 269, 125 N. W. (2d) 561, Derber had pleaded not guilty and not guilty by reason of insanity. His counsel waived trial by jury. Derber made no objection. This court rejected the argument that the waiver of a jury must be so stated by the accused; many acts are done on behalf of a

party by his attorney. In view of the fact that the accused was present when his counsel waived a jury, this court said (p. 274):

"We think, however, that the presence and silent acquiescence of the defendant in a case such as the instant one sufficiently demonstrates the authority of the attorney to speak for the defendant, and make the attorney's statement his own."

Defendant cites *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91. *Burke* is not in point. There, defendant waived his right to counsel under circumstances which the court found to be other than free, voluntary, and with an appreciation of the effect of his waiver.

In *Horne v. United States* (5th Cir. 1959), 264 Fed. (2d) 40, certiorari denied (1959) 360 U. S. 934, 79 Sup. Ct. 1460, 3 L. Ed. (2d) 1549, the court approved the use of an 11-man jury. The trial started with 12 jurors but on the second (and final) day of the trial, one juror failed to appear, due to illness. The court found, from inferences, that the defendant knew of the agreement by his counsel and counsel for the government to proceed with only 11 jurors. No objections were made by the defendant.

In *Jennings v. State* (1908), 134 Wis. 307, 114 N. W. 492, this court held that the accused, pleading not guilty to an information, could not waive the right to trial by jury, in the absence of a statute giving that right. We now have that statute. Sec. 957.01 (2), Stats.

In *Patton v. United States* (1930), 281 U. S. 276, 50 Sup. Ct. 253, 74 L. Ed. 854, the court said that the defendant has the power to "waive a trial by a constitutional jury and submit to trial by a jury of less than 12 persons, or by the court, . . ." (p. 312). There must be express

and intelligent waiver by the defendant. *Patton v. United States, supra.*

At the outset of the opinion, the court said, page 290:

". . . In other words, an affirmative answer to the question certified logically requires the conclusion that a person charged with a crime punishable by imprisonment, for a term of years may, consistently with the constitutional provisions already quoted [Sec. 2, art. III, clause 3, Sixth amendment], waive trial by a jury of twelve and consent to a trial by any lesser number, or by the court without a jury."

In *Hack v. State* (1910), 141 Wis. 346, 352, 124 N. W. 492, it was said:

"Surely the defendant should have every one of his constitutional rights and privileges, but should he be permitted to juggle with them? Should he be silent when he ought to ask for some minor right which the court would at once give him, and then when he has had his trial, and the issue has gone against him, should he be heard to say there is error because he was not given his right? Should he be allowed to play his game with loaded dice? Should Justice travel with leaden heel because the defendant has secretly stored up some technical error not affecting the merits, and thus secured a new trial because forsooth he can waive nothing? We think not. We think that sound reason, good sense, and the interests of the public demand that the ancient strict rule, framed originally for other conditions, be laid aside, at least so far as all prosecutions for offenses less than capital are concerned. We believe it has been laid aside in fact (save for the single exception that trial by a jury of twelve cannot be waived unless authorized by a specific law) by the former decisions of this court."

The right to completely waive a jury trial is established. It would be illogical to hold that parties could not consent to a trial by less than 12 jurors, when they can waive their

right as to all 12 jurors. This construction we deem to be implicit in the language of sec. 957.01 (2), Stats.

## II. Did the Court err in Permitting Cross-examination by two Assistant District Attorneys?

At one point during the trial, defendant was cross-examined by two assistant district attorneys.

Defendant argues that sec. 957.14, Stats., includes the provisions of sec. 270.205. It does not.

Sec. 270.205, Stats., provides:

"On the trial not more than one attorney on each side shall examine or cross-examine a witness . . . unless the judge shall otherwise order."

Sec. 957.14, Stats., provides:

"The summoning of jurors; the impaneling and qualifications of the jury; the challenge of jurors for cause; the duty of the court in charging the jury and giving instructions and discharging the jury when unable to agree shall be the same in criminal as it is in civil actions, . . ."

In *Heyroth v. State* (1957), 275 Wis. 104, 81 N. W. (2d) 56, it was held that only those rules of civil procedure expressly enumerated in sec. 957.14, Stats., are applicable in criminal trials.

But assume that sec. 270.205, Stats., does apply, was there prejudicial error committed? Abuse of discretion would have to be shown. In our view, none has been shown.

Defendant did not object to this practice. He thereby waived his right to object. A party cannot sit by letting errors of the trial court go unnoticed. *Okershauser v. State* (1908), 136 Wis. 111, 116 N. W. 769.

In *Emery v. State* (1899), 101 Wis. 627, 645, 78 N. W. 145 (in which counsel failed to object to irregularities in the summoning of the jury), it is said:

"Silence when objection ought to be made works a waiver as much as express assent."

The cross-examination by the two assistant district attorneys as it appears in the record discloses nothing which was abusive, harassing, or unfair. While we deem the practice of allowing just one attorney to cross-examine a given witness to be preferable, we recognize that there are instances where permitting a cross-examination by more than one counsel may be desirable in the interest of justice and obtaining a fair trial. This and related problems in the conduct of a trial must rest within the sound discretion of the trial judge. His actions are not error unless abuse of discretion appears. *Mandella v. State* (1947), 251 Wis. 502, 29 N. W. (2d) 723 (in reference to separate trials). Permitting two assistant district attorneys to cross-examine in this case was not such a prejudicial event as to have influenced the outcome of the trial, thus necessitating reversal. *Dowd v. Palmer* (1944), 245 Wis. 593, 15 N. W. (2d) 809.

*III. Were Defendant's Constitutional Rights Invaded When he was Prosecuted by Information rather than by Indictment?*

Defendant claims his prosecution by way of information, rather than by indictment, is unconstitutional. The claim is that the Fifth amendment to the United States constitution requires states to prosecute upon the indictment of a grand jury.

In *Goyer v. State,* post, p. 244, 131 N. W. (2d) 888, decided in this assignment of cases, the same assignment of error was presented. In *Goyer* we concluded that a criminal prosecution by way of information rather than grand-jury indictment was not constitutional error. Our determination in *Goyer* rules the issue here.

## IV. Was the Sentence Imposed Excessive?

Defendant received a ten-year sentence. Under sec. 943.20 (1) (a), Stats., he could receive a maximum sentence of five years. As a repeater he could have received an increased sentence pursuant to sec. 939.62 (1) (b).

This court will review and reverse a case where justice would otherwise miscarry. Sec. 251.09, Stats. But this court will not do so unless it is convinced that there has been a probable miscarriage of justice. *Chapnitsky v. Mc-Clone* (1963), 20 Wis. (2d) 453, 122 N. W. (2d) 400; *Scalzo v. Marsh* (1961), 13 Wis. (2d) 126, 108 N. W. (2d) 163.

*State v. Tuttle* (1963), 21 Wis. (2d) 147, 150, 124 N. W. (2d) 9, is apt:

"It seems to us that this question should be treated in terms of strong policy against interference with the discretion of the trial court in passing sentence and not of lack of power to do so. We are very reluctant so to interfere. The trial court has great advantages in considering all relevant facts, including the opportunity to observe the defendant, which it always has in felony cases and ordinarily in other cases.

". . . We consider that we have the power to review sentences to determine whether an abuse of discretion clearly appears, and to remand for resentencing or to modify a sentence. We withdraw all past statements indicating that the court lacks power to do so, although it will be a rare case where the power will be used."

The trial court had an opportunity to consider all pertinent matters, including defendant's prior criminal record, his admitted false testimony at the trial, his gross misstatement in obtaining possession of the vehicle, the fact that he subsequently obtained another vehicle in the same manner, and his demeanor and attitude during the trial and at the time of sentence.

The sentence imposed is substantial but within statutory limits. There is no sufficient showing of abuse of discretion such as to compel us to interfere.

## V. Should a New Trial be Granted in the Interests of Justice?

It is argued that this court should exercise its authority pursuant to sec. 251.09, Stats., and grant a new trial in the interests of justice. The basis of the argument is that defendant's counsel did not poll the jury.

The jury deliberated for twenty minutes. Defendant's counsel at the trial declined to poll the jury when the court asked him if he so wished. Counsel then said:

"My client has requested that the court pass sentence today . . . ."

"*The Court:* Mr. Krause, is there anything you wish to say before sentence is pronounced?

"*Mr. Krause:* The defendant has been found guilty by the jury. We will at this time throw ourselves completely on the mercy of the Court.

"*The Court:* Is there anything you wish to say, Mr. Dascenzo?

"*Defendant:* No."

No motion for a new trial was made.

Nothing appears in the record which reaches the level of a miscarriage of justice. Reversal of convictions is exercised with great reluctance. *Ferry v. State* (1954), 266 Wis. 508, 63 N. W. (2d) 741; *Jacobsen v. State* (1931), 205 Wis. 304, 237 N. W. 142.

Is there here such a grave doubt as to the guilt of defendant, *State v. Fricke* (1934), 215 Wis. 661, 255 N. W. 724, that justice may have miscarried? We believe not. The defendant testified on his own behalf. The jury, in light of his demeanor, testimony, and facts adduced (such as

driving the car 300 miles—irrespective of what defendant says was his intent), chose not to believe the defendant. The facts here are not so improbable as to create a grave doubt as to defendant's guilt. *Schuh v. State* (1936), 221 Wis. 180, 266 N. W. 234.

### VI. Is Review of the Sufficiency of the Evidence Proper Where There is no Motion for New Trial?

A person convicted of a crime has a right to demand appellate review by the supreme court as to whether guilt has been sufficiently established. *Hamilton v. State* (1920), 171 Wis. 203, 176 N. W. 773; *Lonergan v. State* (1901), 111 Wis. 453, 87 N. W. 455.

The propriety of review where the court feels that justice would otherwise miscarry has been considered, *supra, topic V*.

Consideration now will be directed to challenges to the sufficiency of the evidence in the absence of a motion to set aside the verdict and grant a new trial. In this case it cannot be done, but if it could there is sufficient evidence to support the jury's verdict.

A motion to set aside the verdict on the ground of insufficiency of the evidence is necessary for defendant to be entitled to review in this court. *State v. Tuttle, supra; State v. Dunn* (1960), 10 Wis. (2d) 447, 103 N. W. (2d) 36; *Ferry v. State, supra.*

Errors, if any, committed during the course of the trial should not serve to overturn a judgment " 'unless it appears pretty clearly that had they not occurred, the result might probably have been more favorable to the party complaining.' " *State v. Esser* (1962), 16 Wis. (2d) 567, 599, 115 N. W. (2d) 505.

The facts and the inferences to be drawn therefrom seem to weigh too heavily against the defendant. It is unlikely

that permitting only one assistant district attorney to cross-examine, the failure of defendant's counsel to poll the jury, and yes, even the waiver of the 12-man jury, would have altered the outcome.

There is sufficient evidence upon which the conviction may stand. In *State v. Wickstrom* (1961), 14 Wis. (2d) 416, 423, 111 N. W. (2d) 176, it is said:

"There was sufficient credible evidence to convince the jury beyond a reasonable doubt that the defendant was guilty. The power of this court to disturb a finding of a jury in a criminal case ends with the discovery of evidence to sustain the verdict. *Parke v. State* (1931), 204 Wis. 443, 235 N. W. 775. The test on review is whether there is credible evidence upon which a jury could be convinced beyond a reasonable doubt of the accused's guilt."

To the foregoing, consider *State v. Kuenzli* (1932), 208 Wis. 340, 347, 242 N. W. 147:

"However, intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it. The jury was under no obligation to accept the direct evidence of intent furnished by the defendant, and must be permitted to infer intent from such of defendant's acts as objectively evidence his state of mind."

It is not incredible for the jury to conclude that a man who by scheme is permitted to remove a car from a used-car lot, "for a test drive," who uses an alias as part of his scheme, who lies about his family status, who goes on a 300 mile "test drive," who practices the same scheme in another city, who violated his Huber Law privileges in so doing, is guilty of the crime of car theft. This conclusion of guilt is not only permissible but convincing.

*By the Court.*—Judgment affirmed.