The jury found the defendant guilty of larceny in the second degree as a receiver of stolen property in violation of General Statutes 53a-123. In this appeal the defendant questions the constitutionality[1]
of certain provisions of General Statutes 53a-119
(8), which defines the offense of larceny by receiving stolen property, and he also questions the sufficiency of the evidence of the value of the property which was presented at the trial. *Page 532 
The briefs indicate no dispute of any consequence as to the facts which the evidence would support the jury in finding, which are as follows: In the fall of 1972 the complaining witness rented living quarters in a house in Avon owned by the defendant and occupied by him and some others. In October of that year the complainant purchased some stereophonic music equipment consisting of a tuner, an amplifier, a turntable, an equalizer, and speakers. As one of the occupants of the house, the defendant saw and occasionally used this stereo set.
On November 10, 1972, the house was broken into and the stereo set was stolen. The defendant was aware of this theft. The complainant continued to live at the defendant's house until the end of 1972, when he moved.
About one and one-half years later another young man had occasion to occupy an apartment with the complaining witness. That young man had visited the defendant at his house about six months before and had observed in his bedroom a stereo set. During a conversation with the complaining witness concerning their mutual acquaintance with the defendant, it developed that there were some similarities between the equipment seen in the defendant's possession and that which had been stolen. The young man made another visit to the defendant so that he could inspect the equipment more carefully. A search warrant was obtained and executed at the house of the defendant, and it was found that the serial numbers on the equipment stolen from the complainant matched those on the set in the defendant's house.
The defendant testified that he had received the stereo set from a person who moved into the house after the complainant had left as security for a rental bill which that roomer owed at the time of *Page 533 
his departure. The defendant said that he did not recognize the set as the one which had been stolen from the complainant.
The defendant claims that the mental element required for a conviction of receiving stolen property as set forth in 53a-119 (8), "knowing that it has probably been stolen or believing that it has probably been stolen," is so indefinite and attenuated that it conflicts with the fundamental notion of the common law that a wrongful act must be accompanied by an evil intention or mens rea in order to constitute an infamous crime such as larceny. Morissette v. United States, 342 U.S. 246, 251. The state does not dispute the principle relied upon nor does it contend that the statute falls within the broad class of regulatory enactments where no such requirement exists. Id., 255-61. Our disposition of this case makes it unnecessary to consider whether that principle, which was treated only as a rule of statutory construction in Morissette, deserves enshrinement in the constitution. Ibid.
The argument of the defendant that the use of the word "probably" establishes a standard which is impermissibly vague for a criminal statute is answered by our construction of that term as used in this statute to mean "more likely than not," a definition which has adequately stood the test of time in civil cases. We can perceive no imprecision in a word which can be translated into the arithmetical concept of greater than 50 percent.
The claim that the statute has so watered down the required degree of knowledge of the stolen nature of the goods as to dispense virtually with the mens rea requirement is also unsound. Our rule has been that an error of judgment in failing to realize the stolen character of the goods is not the equivalent of guilty knowledge. State v. Newman, *Page 534 127 Conn. 398, 401. Actual knowledge that the property has been stolen is necessary, but the trier "would not be justified in finding knowledge unless the facts referred to were such that a reasonable man — the accused as a reasonable man — should have inferred and gathered from them knowledge that the goods were stolen." State v. Weiner, 84 Conn. 411, 418. We do not regard the enactment of 53a-119 (8) as having modified these principles.
The degree of certainty concerning the stolen nature of the property which must be found to exist in the mind of a receiver has not precisely been defined by the cases. "It is never required that the defendant shall have actually witnessed the theft or have absolute knowledge that the goods were stolen." 2 Wharton, Criminal Law and Procedure (Anderson) 568, p. 286. On the other hand, "there must be more than mere suspicion or conjecture that the goods were stolen in order to impose criminal responsibility." Id., p. 284. Some courts in other jurisdictions have held that guilty belief is equivalent to guilty knowledge on the part of a receiver. State v. Gordon, 105 Minn. 217,220; Heyroth v. State, 275 Wis. 104, 109. This view has been accepted by 53a-119 (8) by the use of the alternative phrase, "knowing that it has probably been stolen or believing that it has probably been stolen." A rational person will believe what he regards as probable and disbelieve what he regards as improbable. We conclude, therefore, that the insertion of the word "probably" as a specification of the degree of certainty which must be found effectuates no substantive change in our law but merely clarifies it. In any event, the requirement of a mens rea is adequately fulfilled by the adoption of such a standard as the touchstone of guilty knowledge.
The defendant also claims that the use of the word "probably" in 53a-119 (8) has the effect of *Page 535 
lowering the burden of proof imposed upon the state to prove each element of the crime charged beyond a reasonable doubt, a standard of proof which has acquired constitutional stature. In re Winship, 397 U.S. 358, 364. Such a claim would have some substance if the adverb "probably" modified the participles "knowing" or "believing" rather than the verb "has been stolen" in the phrase, "knowing that it has probably been stolen or believing that it has probably been stolen." Under the statute as worded it is perfectly clear that the mental element required is knowledge or belief that the property probably has been stolen, and that the trier must, nevertheless, find beyond a reasonable doubt that this element has been proved.
The final claim of the defendant is that there was insufficient evidence of the value of the stereo set to support his conviction of larceny in the second degree in violation of General Statutes53a-123, which requires that the value of the property exceed $500. All of the testimony about the value of the set came from a manager of a retail stereo equipment store in Avon, who said that he had arrived at his total valuation of $550-$590 on the basis of the trade-in allowance which he and other dealers would allow a customer toward the purchase of new stereo equipment. The customary trade-in allowance was one-half the retail price of the new equipment of the same kind being sold in his store. He admitted that his store did not buy used equipment and that the reason for making such a trade-in allowance is that a profit would be made on the sale of new equipment. General Statutes 53a-121 provides that "value means the market value of the property . . . at the time and place of the crime or, if such cannot be satisfactorily ascertained, the cost of replacement of the property . . . within a reasonable time after the crime." The evidence presented by the state pertained *Page 536 
entirely to trade-in value and was insufficient for the jury to draw any inference with respect to market value or cost of replacement. Section 53a-121 provides further that "[w]hen the value of property . . . cannot be satisfactorily ascertained pursuant to the standards set forth in this section, its value shall be deemed to be an amount less than fifty dollars." Where the value of the property is $50 or less a person is guilty only of larceny in the fourth degree. General Statutes 53a-125.
We conclude that the evidence was sufficient to support only a finding of guilty of larceny in the fourth degree in violation of General Statutes53a-125.
 There is error, the judgment of guilty of larceny in the second degree is set aside and the case is remanded with direction to render judgment as on file except as modified in accordance with this opinion.
In this opinion A. HEALEY and NARUK, Js., concurred.