STATE of Wisconsin, Plaintiff-Respondent,

v.

Odie Harris MOORE, Defendant-Appellant.

Court of Appeals

Nos. 79–1500–CR, 79–1501–CR. Submitted on briefs
April 24, 1980.—Decided May 27, 1980.
(Also reported in 294 N.W.2d 551.)

For the defendant-appellant, a brief was submitted by *Mark Lukoff,* first assistant state public defender.

For the plaintiff-respondent, a brief was submitted by *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general.

Before Voss, P.J., Brown and Bode, J.J.

BROWN, J.   This is a consolidated appeal from judgments of conviction finding defendant guilty of carrying a concealed weapon and contributing to the delinquency of a minor. Although both are misdemeanors, defendant's motion for a three-judge panel was granted pursuant to sec. 809.41, Stats.

The dispositive issue is whether defendant waived his right to a jury trial in these matters. The trial court ruled that although there was no formal waiver made by

the defendant of his right to a jury trial, the defendant and his attorney participated in the scheduled court trial without objection. The trial court concluded that the actions by defendant and his attorney constituted effective waiver even if not formally made. We reverse.

The record indicates the trial judge informed defendant of his right to a jury trial but never asked defendant if he wanted a jury trial or wished to waive it. Rather, following the invocation of his rights, the clerk arbitrarily set a date for a court trial.[1] Defendant claims the practice in Racine County is not to grant trial by jury in misdemeanor cases unless specifically demanded by the defendant. We do not know if this is the regular practice in Racine County. If it is, it is contrary to law and should be discontinued.

---

[1] The record indicates that the following took place:

MR. CRUZ [District Attorney]: Odie Moore is charged with contributing to the delinquency of a minor, the alleged offense taking place on November 1, 1979 in the City and County of Racine, State of Wisconsin. At the same time, date and place, he's charged with carrying a concealed weapon. The matters are here for arraignment at this time. May the record reflect we have given copies of the Citation and Complaint to the defendant here in court at this time.

THE COURT: Okay, Mr. Moore, do you understand the charges?

MR. MOORE: Yeah.

THE COURT: All right, they are both criminal offenses and you are entitled to jury trials on the matters, to present witnesses in your own behalf, testify yourself if you want to, cross examine the State's witnesses, and have a lawyer represent you. If you cannot afford one, the Court will appoint one, do you understand those rights?

MR. MOORE: Yeah.

. . . .

THE COURT: Set cash in the amount of $50 on the carrying a concealed weapon charge and the contributing charge, you can sign a $100 signature bond.

THE CLERK: Court trial set for January 25, 1979, 1:30 P.M., Circuit Court Branch VI.

The procedure for waiver of a jury trial is mandated in sec. 972.02(1), Stats. (1977).[2] The provisions of sec. 972.02(1) extend to misdemeanors as well as felonies. *State ex rel. Sauk County D. A. v. Gollmar,* 32 Wis.2d 406, 410, 145 N.W.2d 670, 672 (1966). "Neither circumstantial evidence nor reasonable inference will support a waiver." *State v. Cleveland,* 50 Wis.2d 666, 670, 184 N.W.2d 899, 901 (1971). This is viewed as so crucial that the supreme court now requires the defendant to personally, not through his attorney, make a knowing and voluntary waiver of his right to a jury trial. *Krueger v. State,* 84 Wis.2d 272, 281–82, 267 N.W.2d 602, 607 (1978). The record must clearly indicate the defendant's willingness and intent to waive his right to a jury trial. *Krueger, supra,* at 282, 267 N.W.2d at 607.[3] *See Cleveland, supra,* at 669, 184 N.W.2d at 900. The absence of a record indicating waiver of a jury trial in this case requires a new trial. *Cleveland, supra,* at 668, 184 N.W.2d at 900.

The trial court's feeling is that if a defendant, represented by counsel, undergoes a court trial without objection, a later claim that he never expressly waived his right to a jury trial is tantamount to abuse of the judicial process. We are aware that the sequence of events may sufficiently establish a voluntary and knowing waiver in a few jurisdictions, particularly Illinois.[4] Our su-

[2] Section 972.02, Stats., states as follows:

972.02 Jury trial. (1) Except as otherwise provided in this chapter, criminal cases shall be tried by a jury of 12, drawn as prescribed in ch. 805, unless the defendant waives a jury in writing or by statement in open court, on record, with the approval of the court and the consent of the state.

[3] The court in *Krueger v. State,* 84 Wis.2d 272, 282, 267 N.W. 2d 602, 607 (1978), cited with approval the procedure for establishing waiver suggested in the ABA STANDARDS RELATING TO TRIAL BY JURY, §1.2(b) (1968).

[4] *See People v. Grimmler,* 46 Ill. App.3d 440, 361 N.E.2d 44 (1977); *People v. Thompson,* 38 Ill. App.3d 101, 347 N.E.2d 481

preme court and our legislature, however, have taken a strict *per se* position; that is, waiver must be in writing or by oral statement in open court. We must abide by that rule.

It is with good reason that we have the rule. The determination of whether to be tried by a jury is an important matter to be decided by the defendant and is not merely a tactical decision which may be left to defense counsel. *Cf. Brookhart v. Janis,* 384 U.S. 1 (1966). Since a defendant generally acquiesces to recommendations of counsel, this raises the possibility that a defendant may not have, through his own volition, waived his right to a jury trial. *Krueger v. State, supra,* at 281, 267 N.W.2d at 607. Because a jury is still the most trusted method of determining guilt or innocence,[5] "[i]t is important . . . that sufficient procedures be provided to minimize the chances of an involuntary or unknowing waiver and to provide a basis for an accurate after-the-fact determination of the defendant's intentions." ABA STANDARDS RELATING TO TRIAL BY JURY, §1.2(b) at 37 (1968). In this case, we do not know if the defendant, on his own, waived the jury trial or merely acquiesced to his attorney. He, not his attorney, has the benefit of being tried by his peers. The record shows no intelligent and competent waiver. Strict adherence to *Krueger* and sec. 972.02(1), Stats., would have cured the dilemma. The better practice is to place the waiver before open court on the record or obtain it in writing. The procedure

(1976); *People v. Tidwell,* 33 Ill. App.3d 232, 338 N.E.2d 113 (1975); *People v. Murrell,* 60 Ill.2d 287, 326 N.E.2d 762 (1975); *People v. Sailor,* 43 Ill.2d 256, 253 N.E.2d 397 (1969). *See also United States v. Kidding,* 560 F.2d 1303 (7th Cir. 1977); *cert. denied, Brown v. United States,* 434 U.S. 872 (1977); *Estrada v. United States,* 457 F.2d 255 (7th Cir. 1972), *cert. denied,* 409 U.S. 858 (1972).

[5] *Patton v. United States,* 281 U.S. 276, 312 (1930).

would entail no expense to Racine County nor would it delay the proper administration of justice.

Although we do not need to decide the collateral issue of whether a police report complies with the requirements of a criminal complaint in secs. 968.01 and 968.02, Stats., defendant asserts that all misdemeanors tried in Racine County have been tried on a police report and not on a criminal complaint. The state concedes the police report is defective as a complaint. We believe it would be in the best interests of judicial administration if all future misdemeanor complaints adhere strictly to the statutory requirements.

*By the Court.*—Judgments reversed and cause remanded.