STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Robert L. LIVINGSTON, Defendant-Appellant.

Supreme Court

*No. 89-1005-CR. Argued November 28, 1990.—Decided January 29, 1991.*

(Also reported in 464 N.W.2d 839.)

For the plaintiff-respondent-petitioner the cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was a brief by *Robert A. Ferg* and *Sinclair & Ferg, Ltd.,* Chippewa Falls and oral argument by *Robert A. Ferg.*

STEINMETZ, J.   The issue in this case is whether a criminal jury trial waiver by defense counsel is a personal waiver by the defendant under sec. 972.02(1), Stats.[1]

---

[1]Section 972.02(1), Stats., provides as follows:

**972.02 Jury trial; waiver. (1)** Except as otherwise provided in this chapter, criminal cases shall be tried by a jury of 12, drawn as prescribed in ch. 805, unless the defendant waives a jury in

A second issue raised by the state is whether the state is entitled to a remand for a hearing to inquire into the defendant's intelligence, knowledge and understanding of the purpose and function of a jury trial when the defendant did not personally waive his right to a criminal jury trial pursuant to sec. 972, Stats.

The trial court implicitly ruled in the affirmative as to the first issue and thus found no need to consider the second issue in this case. In an unpublished opinion, the court of appeals reversed the trial court, holding that in accordance with sec. 972.02(1), Stats., and this court's decision in *Krueger v. State,* 84 Wis. 2d 272, 267 N.W.2d 602, *cert. denied* 439 U.S. 874 (1978), the defendant must act "personally" in order for a valid waiver to occur. Insofar as the state conceded that the defendant had not so acted, the court of appeals concluded that no waiver had occurred. With respect to the second issue, the court of appeals found that when a "personal" waiver has not occurred, this court has determined that the appropriate remedy is not a postconviction hearing to determine whether in fact there was a constitutionally valid waiver, but a reversal of conviction and a remand for a new trial. Accordingly, that is what the court of appeals ordered. We affirm the court of appeals.

The defendant, Robert L. Livingston, Sr., was charged and convicted after a trial in the circuit court for Pierce county, the Honorable Eugene A. Toepel, Reserve Judge, and John J. Perlich, Judge, of one count of second degree sexual assault contrary to sec. 940.225(2)(a), Stats. The defendant filed a motion for postconviction relief arguing that his conviction was invalid because he had not validly waived his right to a jury trial in accordance with statutory law and *Krueger.* Because the trial

writing or by statement in open court or under s. 967.08(2)(b), on the record, with the approval of the court and the consent of the state.

court did not rule on the defendant's motion in a timely fashion, the clerk of the circuit court entered an order of denial pursuant to sec. 809.30(2)(i). The defendant appealed.

Prior to trial, the prosecution and defense counsel mutually consented in open court to waiver of trial by jury. The defendant was present in the courtroom at the time of this consent, but he was addressed neither by his attorney nor by the court and made no comment at all concerning waiver of his right to a jury. Nevertheless, the trial court considered a waiver to have occurred by virtue of the consent given by the parties. The colloquy between counsel and the court was as follows:

> The Court: Do I understand that both counsel are consenting to a trial without a jury?
>
> Mr. Johnson (prosecution): That's correct judge.
>
> The Court: Okay.
>
> Mr. Kucinski (defense counsel): That's right.
>
> The Court: You may proceed.
>
> Mr. Johnson: State calls Bonnie Livingston.

This was the total extent of any court proceedings or any written consents of any nature concerning a jury waiver. The defendant himself made no statement, written or otherwise, waiving his right to trial by jury.

The defendant's right to a jury trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, sec. 7 of the Wisconsin Constitution.[2] It is

---

[2]The Sixth Amendment to the United States Constitution provides as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and

well established that the right to trial by jury can be completely waived in favor of trial by the court.

The pertinent language of sec. 972.02(1), Stats., requires that criminal defendants, except as otherwise provided, be tried by a jury of 12 "unless the defendant waives a jury in writing or by statement in open court or under s. 967.08(2)(b), on the record, with the approval of the court and the consent of the state." This court previously interpreted the predecessor statute of sec. 972.02(1)[3] to mean that counsel could effectively waive a jury trial on behalf of the defendant.

In *State ex rel. Derber v. Skaff*, 22 Wis. 2d 269, 274, 125 N.W.2d 561 (1964), we held that "the presence and silent acquiescence of the defendant in a case such as the

district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Article I, sec. 7 of the Wisconsin Constitution provides as follows:

**Rights of accused.**   SECTION 7. In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law.

[3]The predecessor statute of sec. 972.02(1), Stats., was sec. 957.01(1). For our purposes, sec. 972.02(1) is essentially equivalent to former sec. 957.01(1), which required a jury trial "unless the defendant waives a jury trial in writing or by statement in open court, entered in the minutes, with the approval of the court and the consent of the state."

instant one sufficiently demonstrates the authority of the attorney to speak for the defendant, and makes the attorney's statement his own." Similarly, in *Dascenzo v. State,* 26 Wis. 2d 225, 231–32, 132 N.W.2d 231 (1965), in which we relied upon *Skaff,* we held that it was not error under the statute to allow a case to be tried by a six-member jury rather than a 12-member jury without the express consent of the defendant, who was present when counsel stipulated to the six-member jury in a short colloquy with the court. In reaching their respective conclusions, *Skaff* and *Dascenzo* essentially relied upon the general proposition that an attorney acts on behalf of his client. However, in *Skaff* we said that "it would be good practice for defense counsel or the court to address questions to the defendant in order to make it clearer of record that defendant joins in the waiver." *Skaff,* 22 Wis. 2d at 274.

In *Krueger,* 84 Wis. 2d at 281–82, portions of *Skaff* and *Dascenzo* were overruled. We stated:

> Nevertheless, we now overrule *State ex rel. Derber v. Skaff, supra,* and *Dascenzo v. State, supra,* insofar as they permit a trial court, in situations similar to that presented by this case, to presume from a defendant's silence that a waiver of the jury trial made by counsel is an expression of the defendant's knowing and voluntary intent. Even if it is reasonable to assume that most defense attorneys will inform a client of the right and its meaning to the defendant, it seems wholly unreasonable to expect a defendant who does not understand these matters to contradict a waiver made by his attorney. We hold that the record must support, without the aid of these presumptions, the conclusion that the defendant in fact made a knowledgeable and voluntary choice.

*Krueger* further held that "henceforth a record demonstrating the defendant's willingness and intent to give up the right to be tried by a jury must be established" before a waiver to which counsel has consented actually can occur. *Id.* at 282. *Krueger* did not specifically adopt a formal procedure to be followed in making such a record, although it did cite with approval "the procedure followed in *White v. State,* 45 Wis. 2d 672, 682–83, 173 N.W.2d 649 (1970), where the record was developed by the district attorney, and the procedure suggested in *ABA Standards Relating to Trial by Jury,* sec. 1.2(b) (1968), which places the responsibility of developing the record on the trial court itself." *Id.*

*Krueger* made no reference to any statutory language, but rather focused directly upon the more fundamental issue of ensuring that a waiver be constitutionally valid.[4] Nevertheless, it is clear that this court's reasoning underlying *Krueger* and the legislature's reasoning in enacting sec. 972.02(1), Stats., are coextensive in relevant part. That is, what was said in *Krueger* with regard to waiver of trial by jury is directly applicable to sec. 972.02(1). The court of appeals recognized this in *State v. Moore,* 97 Wis. 2d 669, 294 N.W.2d 551 (Ct. App. 1980). In *Moore,* the court of appeals relied upon *Krueger* in explaining sec. 972.02(1), Stats. Concerning sec. 972.02(1), the court of appeals said:

> 'Neither circumstantial evidence nor reasonable inference will support a waiver.' . . .

---

[4]What this court "specifically rejected" in *Krueger* was the "presumption that a defendant's silence in the face of his or her attorney's waiver of the right to a jury trial is an expression of the defendant's knowing and voluntary intent to waive this right." *In Interest of N.E.,* 122 Wis. 2d 198, 205, 361 N.W.2d 693 (1985), citing *Krueger,* 84 Wis. 2d at 281.

> Our supreme court and our legislature, however, have taken a strict *per se* position; that is, waiver must be in writing or by oral statement in open court. We must abide by that rule.

*Moore,* 97 Wis. 2d at 671-672.

Conceivably, *Krueger* could have been read to allow that evidence other than defense counsel's assertions, but not including personal assertions by the defendant, might possibly produce compliance with the requirement that "the defendant waive" his right to trial by jury. However, in *Moore* and other cases, the court of appeals correctly interpreted sec. 972.02(1), Stats., and *Krueger* to "require the defendant to *personally,* not through his attorney, make a knowing and voluntary waiver of his right to a jury trial." *Moore,* 97 Wis. 2d at 671 (emphasis added); *accord State v. Cooley,* 105 Wis. 2d 642, 645, 315 N.W.2d 369 (Ct. App. 1981); *State v. Cloud,* 133 Wis. 2d 58, 62, 393 N.W.2d 123 (Ct. App. 1986). Accordingly, we hold that any waiver of the defendant's right to trial by jury must be made by an affirmative act of the defendant himself. The defendant must act personally; he and only he has the power and authority to waive his right to a jury trial, and that power and authority is legally effective only by virtue of an affirmative act by him. Neither counsel nor the court nor any other entity can act in any way or to any degree so as to waive on the defendant's behalf his right to trial by jury. The affirmative act by the defendant, in order to constitute a personal waiver, must be such as to comply with at least one of the specific means of effecting a waiver provided in sec. 972.02(1), and the court and the state must consent in order for a waiver to occur in accordance with the statute. The record must clearly demonstrate the defendant's personal waiver; the personal waiver may not be

569

inferred or presumed. All of these concerns reflect the fact that the ultimate question is what the defendant wants—a court trial or a jury trial; it is his decision, no matter what advice he has received. If the defendant waives the jury "in writing" under the statute when accepting the written waiver, the judge still should question the defendant as to the voluntariness and understanding of his action.

Our holding is consistent with the ABA instructions as to jury waiver, to which we referred in *Krueger* and which now are formulated at ABA Standards Relating to Trial by Jury, 15–1.2(b) (1986),[5] and with the instructions for waiver of jury found in the Wisconsin Judicial Benchbooks, CR 16–1 (1987),[6] which is in conformance with statutory and case law. Both sets of instructions indicate, as we did in *Krueger,* 84 Wis. 2d at 282, that the responsibility of developing the record of a defendant's waiver of his right to a jury trial is on the trial judge. We would add that defense counsel has a corre-

---

[5]Standard 15–1.2(b) says that:

> The court should not accept a waiver unless the defendant, after being advised by the court of his or her right to trial by jury, personally waives the right to trial by jury, either in writing or in open court for the record.

[6]The Wisconsin Judicial Benchbooks advise that the court:

> (1) Address defendant personally; (2) Be certain defendant understands what a jury is and that defendant is giving up right to jury trial; (3) Be certain waiver is freely, voluntarily and intelligently made; (4) Obtain approval of State to waiver; (5) Complete waiver and make specific findings before dismissing jury panel and starting trial proceedings.

The Wisconsin Judicial Benchbooks then presents a suggested script according to which the above matters might be addressed.

570

sponding responsibility to ensure that the record of jury waiver is developed and failure to meet this responsibility can sometimes be considered inadequate representation by counsel. We also consider that in accordance with sec. 972.02(1), Stats., the district attorney bears a professional responsibility to develop an adequate record of the defendant's personal waiver of the jury.

With regard to the second issue, the state argues that where the defendant does not waive his right to a jury trial, the case should be remanded for a postconviction hearing under the principles and procedures set out in *State v. Bangert,* 131 Wis. 2d 246, 389 N.W.2d 12 (1986), applicable to defective guilty pleas, instead of being reversed and remanded for a new trial. *Bangert* involved the trial court's acceptance of the defendant's no contest plea pursuant to sec. 971.08(1), Stats.[7] As in the instant case, the parties in *Bangert* were in agreement that, statutorily, the particular procedure used by the trial court was invalid. Specifically, the court in *Bangert* had not addressed the defendant "personally" so as to ascertain the defendant's understanding of the nature of the charge as specifically required by sec.

---

[7]Section 971.08(1), Stats., provides as follows:

**971.08 Pleas of guilty and no contest; withdrawal thereof. (1)** Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

(c) Address the defendant personally and advise the defendant as follows: 'If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law.'

971.08(1). Bangert asserted that this constituted a constitutional violation. Underlying this was the assertion, not made expressly, that Bangert's no contest plea itself was not constitutionally valid precisely because, as alleged, the procedure used to obtain it was not constitutionally valid.

Reversing previous case law, this court concluded that constitutionally no particular procedure is mandated pursuant to a trial court's acceptance of a no contest or guilty plea. *Id.* at 256–57. Rather, the requirement that trial judges undertake a personal colloquy with the defendant to ascertain his understanding of the nature of the charge is purely a statutory requirement pursuant to a court's acceptance of guilty and no contest pleas under 971.08(1), Stats. *Id.* at 260. As to the issue of statutory violation, we adopted a postconviction inquiry as the remedy for a defendant who wishes to argue that his statutorily invalid plea is also constitutionally invalid. *Id.* at 272–73. This remedy is consistent with the statute itself.

Section 971.08(1), Stats., simply prescribes the general procedure pertaining to a trial court's acceptance of a guilty or no contest plea. It does not provide for what is to happen if there is not compliance with the statute when the defendant enters a guilty or no contest plea. It does not provide that the remedy for noncompliance should be a new trial. Indeed, given that there is no such provision, and given that the ends of justice in situations such as *Bangert* can be served by allowing the defendant a postconviction hearing, a new trial would be inappropriate. Accordingly, this court, pursuant to its supervisory powers over lower state courts, has formulated the rule that the remedy for a trial court's noncompliance

with particular aspects of sec. 971.08(1) is a postconviction hearing.

In contrast to the defendant in *Bangert,* the defendant in the instant case has not claimed that the court's noncompliance with a statutory provision constituted a constitutional violation. Rather, he asks this court to find that the procedure required by sec. 972.02(1), Stats., and *Krueger* is a per se requirement. He says that failure to follow that procedure, by itself and independent of constitutional considerations, requires that he be granted a new trial. We agree.

Unlike sec. 971.08(1), sec. 972.02(1) specifically provides for what is to result when the terms of the statute are not followed. The statute provides that "criminal cases *shall* be tried by a jury . . . *unless* the defendant waives" validly his right to trial by jury (emphasis added). That is, when a valid waiver does not occur, there must be a trial by jury. A statute must be interpreted on the basis of the plain meaning of its terms, and to the extent there is no ambiguity, the plain meaning must be followed. *State v. Wittrock,* 119 Wis. 2d 664, 669–70, 350 N.W.2d 647 (1984). Section 972.02(1) is unambiguous in that the proper remedy in a case such as this is a new trial for the defendant. Thus, we hold that where a defendant has not made a jury waiver that is personal and otherwise valid in terms of statutory and case law, the proper remedy is a new trial and not a postconviction hearing to ascertain whether the waiver was constitutionally valid.

This holding is, at the very least, consistent with *Krueger.* Although *Krueger* prescribed a postconviction hearing in that particular case, it suggested in the strongest terms that, prospectively, the proper remedy under such circumstances would be a reversal and

remand for a new trial. *Krueger,* 84 Wis. 2d at 282. Interpreting *Krueger,* the court of appeals has reached the same conclusion. *See Cooley,* 105 Wis. 2d at 642; *Moore,* 97 Wis. 2d at 671. This holding also follows from the result in *State v. Cleveland,* 50 Wis. 2d 666, 668, 184 N.W.2d 899 (1971), in which this court held that the defendant was entitled to a new trial where neither the defendant nor his attorney had made what then constituted a valid waiver of the defendant's right to a jury trial.

In its argument, the state relied upon *State v. Resio,* 148 Wis. 2d 687, 698, 436 N.W.2d 603 (1989), in which this court ordered a postconviction hearing so as to determine whether the defendant's waiver of his right to trial by jury was constitutionally valid. The issue in *Resio,* however, was whether the defendant's knowledge of the requirement of jury unanimity was constitutionally required for a valid jury waiver. The trial judge explained to the defendant the difference between trial by the court and trial by jury, and the defendant personally and on the record waived his right to a jury, pursuant to sec. 972.02(1), Stats., and *Krueger;* however, the trial judge never explained to the defendant the need for a unanimous jury. In other words, the issue was not whether there was a valid waiver under sec. 972.02(1), Stats., and *Krueger,* but whether the waiver that occurred was constitutionally valid, *i.e.,* sufficiently knowing and voluntary. Under these circumstances, a postconviction hearing was the proper remedy. *Resio* clearly has no application to the instant case; it is applicable only where a personal waiver of trial by jury has occurred in accordance with statutory and case law.

Where there has been a denial of the defendant's constitutional rights so that a judgment is vulnerable to

collateral attack, the court must vacate and set the judgment aside and grant a new trial. Section 974.06(3)(d), Stats.; *State v. Carter,* 131 Wis. 2d 69, 79, 389 N.W.2d 1, 5 (1986). Our holding requires the same result when the provisions of sec. 972.02(1) and *Krueger* are not met.

We stated in *State v. Lomax,* 146 Wis. 2d 356, 365, 432 N.W.2d 89 (1988) that "[t]he efficient administration of justice must include fair consideration of the interests of the victims of crime." However, where the defendant has been denied the right to a jury trial or an appropriate personal waiver thereof, we have no alternative other than to remand for a new jury trial or the personal, informed waiver by the defendant of such right. On remand the defendant still has the right to personally waive the jury if he chooses, but such waiver must be accomplished according to law.

*By the Court.*—The decision of the court of appeals is affirmed.