STATE of Wisconsin, Plaintiff-Respondent,

v.

Perry Oliver COOLEY, Defendant-Appellant.†

Court of Appeals

*No. 81–493–CR. Submitted on briefs November 11, 1981.— Decided December 21, 1981.*
(Also reported in 315 N.W.2d 369.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Nicholas G. Bokas,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Randa, J.

DECKER, C.J. This appeal raises the questions of whether a juror should have been dismissed for cause, whether the defendant waived his right to a twelve-member jury, and whether the charging statute, sec. 940.225(2)(e), Stats., is unconstitutional, depriving the trial court of subject-matter jurisdiction. Although we are of the opinion that the challenged juror was impartial and conclude that sec. 940.225 is not unconstitutional, we reverse because the record indicates that defendant made no personal, express, knowing and intelligent waiver of a twelve-member jury. We remand for a new trial.

Defendant was convicted of second-degree sexual assault, contrary to sec. 940.225(2)(e), Stats., following a jury trial. The first witness at trial was the victim.

The next witness was her mother, and one of the jurors immediately informed the trial court that she knew the witness. The trial court excused the rest of the jury, examined the remaining juror, and allowed *voir dire* by both counsel. The trial court determined that the juror was impartial and denied defendant's motion that the court strike the juror for cause and grant a mistrial. Despite this finding of impartiality, the trial court, undoubtedly in response to defense counsel's continued dissatisfaction with the challenged juror, gave defendant the option of proceeding with a full jury panel, or with an eleven-member jury panel with the challenged juror removed. Defense counsel chose to proceed with an eleven-member jury, which found defendant guilty of the crime charged.

Defendant appeals from the judgment of conviction and the order denying post-conviction relief, arguing the same issues raised by post-conviction motion:

(1) The trial court's refusal to strike the juror for cause and grant a mistrial violated defendant's constitutional right to trial by an impartial jury;

(2) Absent defendant's personal waiver of a full jury, trial before an eleven-member jury violated defendant's constitutional right to a jury trial; and

(3) The statute proscribing defendant's conduct is unconstitutional, and therefore the trial court had no subject-matter jurisdiction.

We believe that the trial court applied the correct standard and did not abuse its discretion in determining that the challenged juror was impartial. *See Nyberg v. State,* 75 Wis. 2d 400, 405–06, 249 N.W.2d 524, 526 (1977). Nonetheless, the trial court granted defendant the option of proceeding with either a twelve-member impartial jury or an eleven-member jury with the impar-

tial juror removed. It is defense counsel's exercise of this option that raises the issue dispositive of this appeal.

Both parties to this appeal agree that a criminal defendant's right to a jury trial is so fundamental and personal that it can only be waived personally by the defendant. *See Krueger v. State,* 84 Wis. 2d 272, 281, 267 N.W.2d 602, 607, *cert. denied,* 439 U.S. 874 (1978) ; *State v. Moore,* 97 Wis. 2d 669, 671, 294 N.W.2d 551, 553 (Ct. App. 1980). They dispute, however, the nature of a criminal defendant's right to a jury of twelve, as opposed to a jury of a lesser number. Defendant claims that this right is fundamental in Wisconsin, and can only be waived knowingly, intelligently, and personally. The state argues that this right is not fundamental and personal in Wisconsin, and that counsel, in the absence of defendant's express disapproval on the record, can waive defendant's right to a jury of twelve. *See State v. Albright,* 96 Wis. 2d 122, 133, 291 N.W.2d 487, 492 (1980).

*Williams v. Florida,* 399 U.S. 78 (1970), establishes that the sixth amendment guarantee of a trial by jury, applicable to the states through the fourteenth amendment, does not require that a jury in criminal cases be composed of twelve persons. This case supports the state's contention that the right to a twelve-member jury, unlike the right to trial by jury, is not of fundamental importance under the United States Constitution.

Nonetheless, we rely upon decisions of the Wisconsin Supreme Court which find the guaranty of a twelve-member jury in the Wisconsin Constitution. *See, e.g., State ex rel. Sauk County District Attorney v. Gollmar,* 32 Wis. 2d 406, 409, 145 N.W.2d 670, 671–72 (1966), and cases cited therein in note 1. Unless and until this construction of Wis. Const. art. I, secs. 5 & 7, is modified by our supreme court, we conclude that the procedural

safeguards for waiver of trial by jury, mandated in *Krueger v. State, supra,* apply equally to waiver of a full twelve-member jury. Because this procedure was not followed in this case and the record does not indicate a waiver by defendant, we reverse and remand for a new trial. *See State v. Cleveland,* 50 Wis. 2d 666, 668, 184 N.W.2d 899, 900 (1971).

■ We reject defendant's contention that the trial court has no subject-matter jurisdiction because the charging statute, sec. 940.225 (2) (e), Stats., is unconstitutional. This contention is foreclosed by our decision in *State v. Nye,* 100 Wis. 2d 398, 302 N.W.2d 83, *summarily affd,* 105 Wis. 2d 63, 312 N.W.2d 826, which requires proof beyond a reasonable doubt that the complained-of sexual contact was for the purpose of sexual arousal or gratification. *See* sec. 940.225 (5) (a). We note that this section has recently been amended and now reflects this court's decision in *State v. Nye, supra. See* sec. 2, ch. 89, Laws of 1981 (eff. Nov. 28, 1981).

*By the Court.*—Judgment and order reversed and cause remanded.