STATE of Wisconsin, Plaintiff-Respondent,

v.

Andre Derrick WINGO, Defendant-Appellant.

Supreme Court

*No. 98–3457–CR. Oral argument March 1, 2000.—Decided April 14, 2000.*

2000 WI 31

(Also reported in 609 N.W.2d 162.)

For the defendant-appellant there were briefs and oral argument by *Richard D. Martin*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Gregory M. Posner-Weber*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This case comes before the court on a petition to bypass the court of appeals pursuant to Wis. Stat. § (Rule) 809.60 (1993–94).[1] Andre Derrick Wingo, the defendant, appeals a judgment of conviction for soliciting a prostitute and an order denying his post-conviction motion, both entered by the Circuit Court for Milwaukee County, Hon. Robert C. Crawford, Circuit Court Judge. We reverse the judgment and order.

¶ 2. The issue presented is whether the judgment of conviction is valid when the defendant was tried by a jury of six, rather than 12, persons. Although the court and both parties believed that Wis. Stat. § 756.096(3)(am) (1995–96), mandating a six-person jury trial in misdemeanor cases, applied to this case, that statute did not in fact apply. Nor did the defendant agree, as required by Wis. Stat. § 972.02(2), to be tried by a jury consisting of fewer than 12 persons. We therefore conclude that the trial by a six-person jury was erroneous. Accordingly we reverse the conviction and order and grant a new trial.

¶ 3. The facts of the case are undisputed. On March 6, 1996, the State filed a criminal complaint charging the defendant with soliciting a prostitute, in

---

[1] All subsequent references to the Wisconsin Statutes are to the 1993–94 text unless otherwise noted.

violation of Wis. Stat. § 944.30(1). The defendant was tried by a six-person jury and found guilty on June 18, 1997. The defendant was sentenced to 15 days in jail, which he has served.[2]

¶ 4. On February 13, 1998, the defendant filed a post-conviction motion, seeking a new trial. The defendant claimed that his trial counsel was ineffective for failing to challenge his trial by a six-person jury.

¶ 5. In denying the post-conviction motion, the circuit court assumed that Wis. Stat. § 756.096(3)(am) (1995–96) applied to the present case and concluded that the trial counsel was not ineffective for failing to challenge the *constitutionality* of the statute.[3] The circuit court made no mention of the argument that defendant's counsel had been ineffective for failing to challenge the *applicability* of Wis. Stat. § 756.096(3)(am) (1995–96), on the ground that the

[2] Although the defendant has served his sentence, both the State and the defendant urge this court to review the case. The defendant asserts that this case is not moot since a reversal of conviction has many potential consequences for him, including avoiding later charges based on a repeater status. We agree that overturning the conviction has potential legal consequences for the defendant and thus conclude that the case is not moot.

[3] In *State v. Hansford*, 219 Wis. 2d 226, 580 N.W.2d 171 (1998), this court declared that Wis. Stat. § 756.096(3)(am) (1995–96) violated Article I, § 7 of the Wisconsin Constitution.

Article I, § 7 states:

In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law.

statute was not in effect when the defendant was charged.[4]

¶ 6. The application of Wis. Stat. § 756.096(3)(am) (1995–96) to this case and the validity of a trial by a jury with fewer than 12 persons are questions of law this court decides independently of the circuit court.

¶ 7. Wisconsin Stat. § 756.096(3)(am) (1995–96) was created by § 2 of 1995 Wis. Act 427, and reads as follows: "A jury in misdemeanor cases shall consist of 6 persons." The 1995 act was made applicable to "actions commenced on the effective date of this subsection." 1995 Wis. Act 427, § 7. The act was adopted on June 7, 1996, and published June 20, 1996. Pursuant to Wis. Stat. § 991.11 (1995–96), an act "which does not expressly prescribe the time when it takes effect shall take effect on the day after its publication. . . ." Since 1995 Wis. Act 427 did not "expressly provide when it takes effect," the act took effect on June 21, 1996.

---

[4] Neither parties' briefs to this court address the issue of whether Wis. Stat. § 756.096(3)(am) (1995–96) was in effect when the defendant was charged with the crime. But on February 29, 2000, the day before oral argument in this court, the defendant's appellate counsel advised this court and the State that the defendant should not have been tried under Wis. Stat. § 756.096(3)(am) (1995–96) because that statute was not applicable to his case. At oral argument counsel for both the defendant and the State addressed the issue of the applicability of § 756.096(3)(am). Counsel for the State did not seek to submit additional briefs unless the court based its holding on the defendant's claim that he was denied the effective assistance of counsel or was prejudiced by being tried by a six-person jury. Because we do not base the decision on the claim of ineffective assistance of counsel or prejudice, we did not seek additional briefing.

Therefore the act applied to actions that were commenced on or after June 21, 1996.

¶ 8. The criminal complaint charging the defendant with solicitation of a prostitute in this case was filed on March 6, 1996, which is the date this "action was commenced." Therefore Wis. Stat. § 756.096(3)(am) (1995–96) was not yet in effect and was not applicable to the defendant's trial.

¶ 9. When this case was tried in June 1997, Wis. Stat. § 756.096(3)(am) (1995–96) had been in effect for nearly a year and apparently all involved in the defendant's trial, including the judge, the prosecutor and defense counsel, erroneously assumed that the six-person jury statute applied. However, Wis. Stat. § 756.096(3)(am) (1995–96) was not applicable.

¶ 10. In fact, the law in effect when the defendant was tried, Wis. Stat. § 756.096(3)(a),[5] provided that in all criminal cases a jury must consist of 12 persons, unless both parties agree on a lesser number as provided in Wis. Stat. § 972.02. Section 972.02(2) expressly provided that "any time before verdict the parties may stipulate in writing or by statement in open court, on the record, with the approval of the court, that the jury shall consist of any number less than 12."

¶ 11. According to the record before us, the parties did not comply with Wis. Stat. § 972.02(2). They did not stipulate in writing or by statement in open court, on the record, with the approval of the court, that the jury could consist of fewer than 12 persons. Thus

---

[5] Wisconsin Stat. § 756.096(3)(a) stated:

A jury in criminal cases shall consist of 12 persons unless both parties agree on a lesser number as provided in s. 972.02.

the parties did not comply with the statutory requirements for a trial by a jury with fewer than 12 persons.

¶ 12.   The question for the court is what is the effect of the parties' failure to comply with the statutory requirements to obtain a trial by a jury with fewer than 12 persons. Two cases make clear that when the statutory procedural requirements relating to waiving a trial by jury or to reducing the number of jurors are not followed, the conviction must be reversed and the cause remanded for a new trial.

¶ 13.   In *State v. Livingston*, 159 Wis. 2d 561, 464 N.W.2d 839 (1991), the prosecution and defense counsel consented in open court to waiver of a trial by jury. Mr. Livingston was present in the courtroom at the time his counsel consented, but he did not stipulate in writing or by his own statement in open court on the record that he waived a jury trial. This court insisted in *Livingston* that for a waiver of jury trial to be effective, the waiver must comply with one of the specific means of effecting a waiver provided in § 972.02(1), namely a written statement or a statement in open court on the record by the defendant personally.[6] *Livingston*, 159 Wis. 2d at 569. "The record must clearly demonstrate the defendant's personal waiver; the personal waiver may not be inferred or presumed." *Livingston*, 159 Wis. 2d at 569–70. The court held in *Livingston* that when a

---

[6] Wisconsin Stat. § 972.02(1) (1989–1990) stated in relevant part:

> (1)   Except as otherwise provided in this chapter, criminal cases shall be tried by a jury of 12, drawn as prescribed in ch. 805, unless the defendant waives a jury in writing or by statement in open court or under s. 967.08(2)(b), on the record, with the approval of the court and the consent of the State.

Wisconsin Stat. § 967.08(2)(b) (1989–1990) provided for waiver of jury trial by telephone.

defendant has not waived a jury trial according to the procedures set forth in § 972.02(1), the proper remedy is reversal of the conviction and a new trial. *Livingston*, 159 Wis. 2d at 573.

¶ 14.    In *Livingston* the issue was whether the defendant waived a jury pursuant to Wis. Stat. § 972.02(1). In this case, the issue is whether the defendant agreed, pursuant to § 972.02(2), to be tried by a jury consisting of fewer than 12 persons.

¶ 15.    The two statutes, §§ 972.02(1) and 972.02(2), set forth substantially the same procedural requirements whether a defendant forgoes a jury trial or agrees to be tried by a jury consisting of fewer than 12 persons. Both statutes require that the defendant make his or her wishes about the jury known in writing or by a statement in open court. Both statutes also require the consent of the State and the approval of the court.

¶ 16.    The court of appeals has held that the statutory procedural safeguards for waiver of trial by jury apply equally to waiver of a full 12-person jury. *State v. Cooley*, 105 Wis. 2d 642, 645–46, 315 N.W.2d 369 (Ct. App. 1981). In *Cooley*, the defense counsel, not the defendant, consented to proceed with an 11-person jury. Because the defendant had not personally consented to proceed with a jury consisting of fewer than 12 persons, the court of appeals reversed the conviction and remanded for a new trial. *Cooley*, 105 Wis. 2d at 645–46. This court cited *Cooley* with approval in the *Livingston* case. *See Livingston*, 159 Wis. 2d at 569.

¶ 17.    The *Livingston* and *Cooley* cases treat waiver of a jury trial and agreement to proceed with a jury with fewer than 12 persons in the same manner. Accordingly we conclude that when a defendant does not comply with the procedural requirements relating

473

to waiving a jury trial or agreeing to reduce the number of jurors, the conviction must be reversed and the cause remanded for a new trial.

¶ 18.   Because   Wis.   Stat.   § 756.096(3)(am) (1995–96) did not apply to the trial of the present case and the defendant did not, as required by § 972.02(2), personally agree in writing or by a statement in open court to be tried by a jury consisting of fewer than 12 persons, the conviction must be reversed and the cause remanded to the circuit court for a new trial.

*By the Court.*—The judgment and order of the circuit court are reversed and the cause remanded.